LAND, J.
This is a mandamus suit to compel the defendants to accept and pay for $100,000 of negotiable bonds, forming a part of an issue of $500,000 purchased by them from the plaintiff.
The petition alleges that said issue of negotiable bonds for the purpose of constructing roads and bridges in,the parish of Jefferson Davis was duly authorized by a vote of the taxpayers of said parish, under the terms and provisions of article 281 of the Constitution, and of Act No. ¿56 of 1910.
Defendants in their answer admitted that they had accepted $400,000 of said issue of negotiable bonds as legal and valid, and that they had refused to accept the remaining and additional- $100,000, “on the ground and for the reason that the police jury of Jefferson Davis parish had previously issued courthouse building bonds to the amount of $90,000, and jail building certificates of indebtedness or bonds to the amount of $10,-500 under the provisions of section 4 of article 281 of the Constitution based on anticipated revenues in excess of necessary and statutory charges, for a period of not exceeding ten years, which courthouse and jail building bonds are now outstanding and unpaid.”
Defendants further averred that said additional $100,000 bonds, if issued, will make the outstanding bonded indebtedness of the parish in excess of 10 per cent, of the assessed valuation of the parish, in violation of section 1 of article 281, of the Constitution, which provides:
“The total issue of bonds by any subdivision for all purposes shall never exceed ten per centum (10) of the assessed valuation of the property in such subdivisions.”
“Defendants admit that the outstanding- courthouse and jail bonds of the parish are based on anticipated excess revenues of the parish for a period of not exceeding ten years were issued under separate and distinct constitutional provisions, to wit, section 4 of article 281 of the Constitution, but defendants allege that such courthouse and jail bonds must, nevertheless, be counted in determining the 10 per cent, limitation imposed by section 1 of article 281.”
Judgment was rendered in favor of the plaintiff, and the defendants have appealed.
Article 232 of the Constitution of 1898, while limiting parish, municipal, or public board taxation, for all purposes whatsoever in any one year to ten mills on the dollar of valuation, provided for the levy of special local taxes in excess of said limitation, for giving additional support to public schools, for the construction of public buildings or other works of public improvement, whenever the rate of such increase, and the number of years it is to be levied, and the purpose for which the tax is intended, shall have been approved at a special election, by a majority in number and amount, of the property taxpayers, entitled to vote under the election laws of this state, and voting at such election.
Article 281 of the Constitution of 1898 was enacted for the purpose of enabling municipalities, parishes, and; drainage districts, the city of New Orleans excepted, when authorized to do so by a vote of a majority in number and amount of the property taxpayers, “to incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed valuation of the property” within the taxing district, as shown by the last assessment; and also to enable them, when so authorized by the property taxpayers, to levy and collect special taxes not to exceed *661 five mills on the dollar of valuation in any ■one year.
Article 281 provides for the capitalization •of special taxes voted by the taxpayers, ¡un•der certain limitations as to the amount of the bond issue, the rate of the annual taxation, the maturity of the bonds, and the rate of interest.
After several amendments, article 281, in the year 1912, was finally amended in many respects, and as thus amended appears as article 2S1 of the Constitution of 1913.
Article 2S1, as it now stands, is divided into six sections. It is necessary to consider only the first and fourth for the purposes of this litigation.
Section 1, among the other amendments, provides:
“That such special taxes, for all purposes as above set forth shall not in any year exceed ten mills on the dollar assessed valuation.” And, further, “that the total issue of bonds by any subdivision for all purposes shall never exceed ten per centum of the assessed valuation of the property in such subdivisions.”
Section 4 reads as follows:
“The police juries of the various parishes throughout the state, for the purpose of constructing highways and public buildings for the parish, and the governing authorities of municipal corporations, for the purpose of paving or improving streets and alleys, and for all municipal improvements, after making provision for the payment of all statutory and ordinary charges, may fund into bonds running for a period not exceeding ten years, and bearing interest at a rate not exceeding five per cent, per annum, which bonds shall not be sold for less than par, the avails of the residue of the ten mills tax authorized by this Constitution.”
Sections 1 and 4 provide for different kinds of bonds, subject to different limitations, and based on different schemes' of taxation.
Article 281 of the Constitution of 1898 declares that:
“The total issue of bonds by any municipality, parish or drainage district, for all purposes shall never exceed ten per cent, of the assessed value of the property in such municipality, parish or drainage district.”
The only kind of bonds referred to in the preceding provisions of the same article are those authorized by a vote of a majority in number and amount of the property taxpayers.
Section 1 of Article 281 of the Constitution of 1913 contains similar provisions; hence, by no rule of construction, can the bonds authorized by section 4 be considered as within the purview of section 1 of the same article. Section 6 of article 281, referring to bonds issued under section 1, says:
“Provided that such bonds did not at the time of their issue exceed ten per centum of the assessed valuation of the property in such subdivision.” -
In an analogous case, this court held that an imposition of a school tax under article 232 of the Constitution did .not affect the right of a school district to levy a ten mills tax under article 281, as' amended in 1910. See Board of Directors v. Ruston State Bank, 133 La. 109, 62 South. 492; Endom v. City of Monroe, 112 La. 779, 36 South. 681.
It has also been held that the restriction of a bond issue to one-tenth of the tax assessment does not apply to bonds based on acreage taxes, as to which the only restriction is that the issue shall not exceed the aggregate amount of the taxes to be raised by the levy of a tax not to exceed 25 cents per acre, and for a period not to exceed 40 years. Board of Com’rs v. Wilkins Co., 125 La. 127, 51 South. 91.
These cases sustain the proposition announced in the Endom Case, supra, that “each article as to limitations must be interpreted of itself.”
It is therefore ordered that the judgment appealed from be affirmed, at appellant’s cost.