ANTON OSTERTAG AND GEORGE LOAN, PLAINTIFFS IN ERROR, v. ELIZABETH GALBRAITH, DEFENDANT IN ERROR.

1. **Lien.** A verbal agreement between a debtor and creditor, by which the former gives a lien upon certain property to the latter, is valid between the parties, but void as to creditors and subsequent purchasers in good faith.

2. **Practice:** RETURN DAY OF A WRIT. Where a writ is returnable on a day in which the court is precluded from transacting business, such writ will not be void, but the return day will be the first day thereafter in which the court may legally transact business.

3. **Legal Holidays.** The statute declares certain days to be legal holidays, and closes the courts on such days, except, etc. As such prohibition is in derogation of private rights, the restriction will be confined to the days named, and where any of such days fall on Sunday, the following Monday will not be a legal holiday, except so far as it relates to commercial paper.

ERROR to the district court for Hall county. Tried below before TIFFANY, J.

*Thummel & Platt,* for plaintiffs in error, cited: *Ruge v. State,* 62 Ind., 388. *National Assn. v. Miller,* 2 S. W. Rep., 900. *Richardson v. Goddard,* 23 How., 28. *Moore & Cozine v. Herron,* 17 Neb., 700. *Polin v. State,* 14 Id., 546.

*O. A. Abbott*, for defendant in error, cited : *Hemmens v. Bentley*, 32 Mich., 89. *Reithmiller v. People*, 44 Mich., 284. *Estes v. Mitchell*, 96 Mass., 156.

MAXWELL, J.

The defendant in error brought an action against the plaintiffs to recover certain horses described in the petition. Her claim to the possession of said horses is stated in the petition as follows : " That the interest in said property is of the following nature and kind, that is to say : That heretofore and on the 18th day of March, A.D. 1886, one Clarke S. Galbraith, then of the city of Atchison, in Atchison county, state of Kansas, being then indebted to this plaintiff in the sum of $2,000, to secure the same, did make, execute, and deliver to this plaintiff, his certain chattel mortgage, whereby he sold, assigned, transferred, and set over to this plaintiff all his right, title, and interest in certain horses and personal property, of which the following is a particular description, to-wit: Seven mare mules, of which two are bay mare mules, weighing about 1,000 pounds each, and one bay mare mule weighing about 850 pounds, three brown mare mules, two weighing about 950 pounds each, and one weighing about 800 pounds ; one black mare mule, weighing about 900 pounds. Also three horse mules of brown color, two weighing about 900 pounds each, and one weighing about 800 pounds. All of the above mules, ten in number, having just been purchased at St. Joseph, Mo., by said party of the first part. Also, one common farm wagon, and five sets of double harness ; which said chattel mortgage was duly filed for record in the office of the register of deeds for Atchison county, Kansas, on the 20th day of March, A.D. 1886. All of which was well known to the said defendant, Anton Ostertag, at the time. And also another chattel mortgage between the same parties, and including said above described personal

property, was also filed in the office of the county clerk of Hall county, Nebraska, on the — day of ——, A.D. 1886. That with the permission of this plaintiff, said mules were exchanged and traded for the personal property hereinbefore described, and that this plaintiff has a lien and claim thereon by virtue of said mortgage, and by virtue of agreements made and entered into between the plaintiff and said Clarke S. Galbraith, by which this plaintiff was to have a lien upon such exchanged horses, mules, and property, and this plaintiff alleges that of said original indebtedness, no part thereof has been paid, but that the full amount thereof is still due and owing to her.

"2.   Plaintiff further alleges that said defendants have wrongfully detained said goods and chattels from the possession of the plaintiff, and have wrongfully detained the same for four days, to plaintiff's damage in the sum of $100.

"Wherefore plaintiff demands judgment against the said defendants, for the return of said goods and chattels, or for the value thereof, if the same are not returned, and for her damages and costs; and that the court grant such other and further and proper relief as justice may require."

The answer is a general denial.

On the trial the following findings were made, and judgment rendered:   "This cause coming on to be heard on the issue joined between the parties, a jury was waived in open court by the parties, and the plaintiff failing to produce any evidence to sustain the issues on her part, it is considered by the court now here, that the defendant go hence without day, and recover his costs about this suit in this behalf expended and taxed at the sum of $18.

"And, on motion of defendants for an inquiry as to the defendants' rights of property, and their damages in the premises, and it appearing to the court that the plaintiff is in possession. thereof, the court do find that defendants are entitled to an inquiry as to their right to the

property described in the plaintiff's petition, and as to their damages in the premises; and by agreement of parties a jury was waived and the defendants' right of property and right of possession thereof, and their damages in the premises, were submitted to the court, and the court, after hearing the evidence of the witnesses and the argument of counsel, do find that the defendants, at the time of the commencement of this action, were not the owners of the property described in the plaintiff's petition, or entitled to the possession thereof, and that they have sustained no damages in the premises. It is therefore considered by the court now here, that further proceedings under this inquiry be dismissed, and that the defendants pay the costs of this proceeding, taxed at the sum of $1."

A motion for a new trial was thereupon overruled, to which exceptions were taken.

It is stated in the bill of exceptions that, " the plaintiff did not introduce any evidence of any kind to maintain the issue on her part. The defendants, to maintain and show to the court their right of possession and amount of damages at the commencement of this action, offered in evidence, through Hon. Geo. H. Caldwell, county judge, the writ of attachment and return thereon of the case of *Ostertag v. Galbraith*, that was issued by the said county judge and returned into county court by the said defendant, George Loan, constable. Same writ showing that it was issued on May 22, 1886, and made returnable on the 31st day of May, A.D. 1886. Also the said return of the officer showing that the property in controversy, as replevined in the suit at bar, is the same property attached by the officer, and that on the 31st day of May, 1886, a judgment was rendered in the case for the sum of $39 debt, and $9$\frac{30}{100}$ costs, to which offer the said plaintiff objected, for the reason that the said evidence and points are immaterial, irrelevant, and incompetent, the said writ being returnable on a legal holiday, and is void, and the judgment purport-

ing to have been rendered on a legal holiday, being void, which objection was sustained, to which ruling of the court the defendant at the time excepted, and it was further stipulated by the counsel that writs of attachment were also issued, returnable on the 31st day of May, A.D. 1886, in each of the following cases: *White v. Galbraith; Arthur Sears v. Galbraith; McComber v. Galbraith,* and *Dean v. Galbraith,* and attachments issued and judgments rendered on the return day thereof, to-wit, May 31, 1886, all of said judgments amounting to the sum of $253$\frac{15}{100}$; that said writs of attachments and judgments were offered in evidence by the said defendants, and objected to, for the reason above stated, objection sustained, to which the defendants at the time excepted."

Copies of the papers offered in evidence are set out in the transcript.

It will be seen from the allegations of the petition, that the plaintiff below had no written lien on the property taken on the order of replevin in this case. A verbal lien is good between the parties, but void as to creditors and purchasers in good faith. *Conchman v. Wright,* 8 Nebraska, 1. The lien of Mrs. Galbraith, therefore, would be of no avail against an attaching creditor.

The principal grounds upon which the court placed its decisions were, that, as Decoration Day occurred on Sunday in that year, that therefore the following Monday was in fact Decoration Day and a legal holiday, and therefore the writs, being returnable on that day, were void; and as the judgments had been rendered on that day they also were void.

In *State v. King, ante* p. 540, it was held that where a cause was continued to a day in which the court could not transact business—as Sunday or a legal holiday—the court did not, therefore, lose jurisdiction of the case, but the continuance extended to a day in which the court could legally transact business. There is no reason why the same rule

Ostertag v. Galbraith.

should not apply to writs. Where an action is brought before a justice of the peace, or in cases under justices' jurisdiction in the county court, the law requires the summons to be returnable in not less than three nor more than twelve days. Now, suppose the return day by mistake is made to fall on Sunday. As no business can be transacted on that day, with certain exceptions which need not be named, it follows that the first day on which business can be legally transacted is in fact the return day. The summons is not void: at the most is voidable. The object of a return to a writ is to show what the officer has done under the writ, in order that the court may determine whether or not it has acquired jurisdiction of the person of the defendant, or, where property has been taken, the right to control and dispose of such property. The writs were not void, therefore.

In *State v. King*, above referred to, this court held that, as the statute named certain days, as the 25th day of December, 1st day of January, etc., as legal holidays, and precluded the courts from sitting on such days, with certain exceptions, that the restriction applied only to the days named, and, therefore, if any of such days fell on Sunday, the following day was not a legal holiday except so far as it related to commercial paper. In other words, as the closing of the courts on particular week-days is in derogation of private rights, such prohibition must, if made, be by *express* statute and not by implication. That decision was made after a careful examination of all the authorities bearing upon the question, and in our view it is correct, and will be adhered to. The writs of attachment, therefore, and judgments, were valid, and the court erred in excluding proof of the same.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.