## MORGAN v. KLINE.

77 681
d107 681

**Mortgage**: SECURING SEVERAL NOTES : ASSIGNMENT OF PART : SEPARATE FORECLOSURES. Conceding the rule that the proceeds of mortgaged property sold under special execution to satisfy a mortgage debt made up of different notes should be applied to the payment of such notes in the order of their maturity, and that one sale of the mortgaged premises exhausts the lien of the mortgage ; it does not apply to cases modified by special circumstances. And it is *held* in this case that the mortgagee may, without the consent of the mortgagor, assign the notes last falling due, and, by agreement with the assignee, make the assigned notes the first lien. And where that is done, and the agreement is in writing duly acknowledged and recorded, and the mortgagor afterwards sells the land, and the mortgagee forecloses the mortgage as to the notes retained by him, and buys in the land for only enough to satisfy the judgment, and the grantee of the mortgagor redeems, he cannot, under a claim that the mortgage lien was exhausted upon such sale, prevent the assignee of the notes constituting the first lien under the agreement from foreclosing the mortgage as to such notes.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 24, 1889.

ACTION in equity to recover the amount due on two promissory notes, and to foreclose a mortgage given to secure the same. There was a trial on the merits, and a judgment in favor of plaintiff as prayed. The defendant Kline appeals.

*Flickinger Bros.* and *L. W. Ross*, for appellant.

*Cook & Dodge*, for appellee.

ROBINSON, J.—On the eleventh day of April, 1883, Richard Keown made and delivered to J. J. Tomson four promissory notes, and to secure their payment executed and delivered a mortgage on the land in controversy. The first note was for five hundred dollars, and was payable March 1, 1885. The second was for a like amount, and was due one year later. The third and fourth notes were for eleven hundred dollars each, and were payable, respectively, on the first day of March,

1887, and the first day of March, 1888. Each note contained a provision that, if the interest, which was payable annually, was not paid when due, the holder might elect to consider the principal due and collectible forthwith. On the eighteenth day of May, 1883, Tomson sold the two notes last described to plaintiff, together with an interest in the mortgage for their security, and executed a written assignment, which provides that the two notes so sold should be the first lien on the mortgaged premises, and that the remainder of the notes secured by the mortgage should be a second lien, subject to said first lien. Keown was not a party to that assignment, and, so far as it is shown, never assented to it. It was acknowledged and recorded the day after it was given. On the eleventh day of June, 1883, Keown and his wife sold the mortgaged premises to William Miller, subject to the Tomson mortgage, for thirty-two hundred dollars. On the twenty-second day of February, 1886, Miller, by quitclaim deed, conveyed the premises to Sarah Keown, the wife of Richard, and on the twelfth day of November, 1886, she and her husband executed a quitclaim deed for the same to appellant. These several conveyances were duly acknowledged and recorded. In the year 1885 Tomson brought an action to recover the amount due on the two five hundred-dollar notes, and to foreclose the mortgage. Richard and Sarah Keown, Miller, and others were made parties defendant. Plaintiff was also named as a party defendant, but was not brought into court. The petition in that case recited the assignment of the third and fourth notes to the plaintiff in this action, and the agreement by which they were to be paramount to the lien of the first and second notes, and recognized the claim of this plaintiff as superior to that of the plaintiff in that case. The petition also demanded judgment for the amount of the notes, and asked that a special execution issue for the sale of the mortgaged premises, subject to the rights of this plaintiff therein. Judgment was rendered on the ninth day of September, 1885, as prayed, no appearance having been made by defendants, and the claim of this

plaintiff was found to be superior to that of the judg-
ment. The premises were sold to Tomson by virtue of
a special execution on the twelfth day of November,
1885, for an amount just sufficient to satisfy his judg-
ment. In September, 1886, on the motion of the
defendants Sarah Keown and William Miller, to which
Tomson appeared, the judgment was amended by the
addition thereto of the following : "Provided, that
nothing in this decree contained, as to the agreement
herein mentioned between the plaintiff J. J. Tomson,
and the defendant J. B. Morgan, as to the priority of
their liens as to each other, under the separate notes
held by them under the mortgage herein on the prem-
ises aforesaid, shall be binding, or have any validity,
force or effect as against the defendants William Miller
and Sarah Keown, or either of them, their heirs or
assigns, or in any way modify or effect their remedies
or rights of redemption under the respective notes and
liens held by them on the property in controversy." On
the twelfth day of November, 1886, appellant redeemed
the premises by paying to the clerk the full amount
required for that purpose. This action was commenced
on the second day of April, 1887, to recover the amount
of the last two notes, and to foreclose the mortgage.
The plaintiff asks that the interest of appellant be
adjudged to be inferior to the claim of plaintiff. Judg-
ment was rendered substantially as prayed.

I.   The mortgage in question contains no provision
in regard to the priority of the notes it was designed to
secure, other than the recital as to the respective dates
on which they became payable. It is insisted by appel-
lant that by the rules announced in numerous decisions
of this court the proceeds of mortgaged property sold
under special execution to satisfy a mortgage debt
made up of different notes should be applied to the pay-
ment of such notes in the order of their maturity, and
that one sale of the mortgaged premises exhausts the
lien of the mortgage. The rules may be conceded to be
as claimed, excepting in cases modified by special cir-
cumstances. It is further contended by appellant that

the agreement entered into between Tomson and plaintiff could not affect the priority of the notes as fixed by law, without the assent of the mortgagor. It may be admitted that it could not operate to the prejudice of the mortgagor without his consent. While it is true that, as between the parties to the mortgage, in the absence of a stipulation to the contrary, it would be held to secure the notes in the order of their maturity, beginning with the one which first fell due, yet it was given to secure all the notes. The mortgagee owned them and the mortgage absolutely, and had a right to sell such interest therein as he might elect. It was his privilege to sell the last two notes, and to relinquish all claim to the mortgage, or to make the claim he retained junior to that he sold. He adopted the latter plan, and executed an assignment which fixed the respective rights of the mortgagee and the plaintiff. It was duly acknowledged, and represented different interests in real estate, and the record thereof was constructive notice of the interests of the parties thereto. The grantees of Richard Keown acquired their interests with constructive notice of the rights of plaintiff. When Tomson foreclosed the mortgage, and the premises were sold to satisfy his judgment, and when appellant redeemed from the sale, the records showed that Tomson was in effect, at most, a junior lien-holder, without right to enforce a sale of the premises to the prejudice of plaintiff. What defense, if any, might have been interposed to Tomson's suit we are not required to determine. But the lien of plaintiff was superior to that of Tomson. His interests had not been adjudicated in any action to which he had been made a party. The assignment to him could not have been prejudicial to the mortgagor in a legal sense, for the notes were payable to the order of the mortgagee, and the mortgage was incident to the debt passing by the assignment of it. We find no error in the judgment. It is therefore                              AFFIRMED.