## WALTERS v. WARD.

[No. 18,703. Filed December 14, 1899.]

VENDOR AND PURCHASER.—*Liens.*—*Mortgages.*—*Priority.*—Plaintiff being the owner of certain real estate on which defendant held a mortgage of $6,100, procured a purchaser therefor, and conveyed the real estate to defendant upon a written agreement entered into by the parties that defendant should sell the real estate to such purchaser for $7,300 in annual payments, to be applied, first to the payment of interest on the mortgage executed by plaintiff, and, second, to plaintiff, who was to receive $1,200, the excess between the mortgage debt and the selling price, and, third, to the principal of the mortgage debt. The purchaser took possession of the real estate under the contract, and after making a small payment thereon, delivered to defendant the possession of the real estate, and defendant released him from the contract of sale, without the knowledge or consent of plaintiff, and plaintiff brought suit to enforce an equitable lien on the real estate for the amount of the purchase money in excess of the mortgage debt. *Held*, that plaintiff was entitled to a lien for the amount of such purchase money and interest, and that the lien was prior to the lien of the principal of the notes secured by the mortgage executed by him.

From the Noble Circuit Court. *Affirmed.*

*T. L. Graves* and *R. P. Barr*, for appellant.

*H. C. Peterson* and *L. W. Welker*, for appellee.

MONKS, J.—Appellee sued appellant and one Stout to enforce an equitable lien on real estate. Appellant's demurrer to each paragraph of the complaint was sustained to the third and fourth, and overruled as to the other paragraphs. Appellant filed an answer in two paragraphs. Appellee's demurrer to the second paragraph of said answer was sustained. At the request of appellant the court made a special finding of the facts and stated conclusions of law thereon, to each of which appellant excepted. Over appellant's motion for a new trial judgment was rendered in accordance with the conclusions of law.

The assignment of errors calls in question each conclusion of law, the action of the court in overruling appellant's de-

murrer to the first, second, fifth, sixth, and seventh paragraphs of the complaint, in overruling the motion for a new trial, and in sustaining the appellee's demurrer to the second paragraph of answer.

The questions presented as to the sufficiency of the pleadings and the correctness of the conclusions of law are the same, and a determination of the latter therefore necessarily determines the former.

It appears from the special finding that on November 13, 1895, there was due appellant from appellee $6,000, principal and interest, for which appellant held the promissory notes of appellee secured by a mortgage executed by appellee and wife to appellant on a quarter section of real estate in Noble county, Indiana, which was the first lien thereon; that appellee was offered $7,300 in payments for said real estate by one Stout, and desiring to pay said indebtedness of $6,000 to appellant, including a note held by appellant for $100, which was not secured, he offered to convey said real estate to appellant by a deed of general warranty for said sum of $7,300, providing appellant would sell the same to said Stout for the same sum, and apply the proceeds of said sale as provided in a written contract, executed by said parties. Appellant accepted said proposition, and on said November 13, 1895, appellee and wife executed to appellant a warranty deed for said mortgaged real estate, and as a part of the transaction, and at the same time, appellant, appellee, and said Stout executed a contract in writing, which provided, "that appellee and wife had on said day sold and conveyed said real estate to said appellant for $6,100, the amount of the principal and interest of said mortgage held by Walters, on condition that said Walters shall sell said real estate to said Stout for the sum of $7,300, which shall be paid as follows: $600 a year, until the full payment of said consideration of $7,300. The first year's payment shall be $500 on or before October 1, 1896, which shall be secured by security to be approved by said Walters within ten days from the

date hereof, otherwise this contract shall not be binding in favor of said Stout, and $100 shall be paid at the end of the first year. Said moneys paid annually shall be applied as follows: Such payments shall be first applied and indorsed on the mortgage notes now held by said Walters against said land until all the interest or interest notes on the mortgage shall be fully paid, and the accruing interest promptly paid when due; then before any application is made of said annual payments on principal of said mortgage, such payments shall be applied from time to time on said sum of $1,200 payable to said Ward; said sum of $1,200 coming to said Ward as aforesaid shall draw six per cent. interest from this date. It is further agreed that when said Walters' interest shall be paid in full and said Ward's claim of $1,200 shall be fully paid, and the principal of Walters' said mortgage reduced to $4,000 and all taxes paid on said land that are due and payable, then the said John E. Walters binds himself, his heirs or assigns, to convey to said Stout, his heirs or assigns, a good and sufficient deed of general warranty for said land; the said Stout, his heirs or assigns, at the same time to execute to said Walters a mortgage on said land to secure the residue of said original mortgage and notes given by Ward to said Walters; such residue of the mortgage notes to be paid and satisfied only in the manner mentioned aforesaid, that is by the payment of $600 annually; the taxes of 1895 on said land to be paid by said Ward, and subsequent taxes thereon to be paid by said Stout; Stout to have the wheat now growing on the land, and to keep the improvements insured for $1,600 until the consideration is fully paid, and to have full possession April 1, 1896." This contract was duly acknowledged before a notary public, and recorded in the recorder's office of Noble county, Indiana. That at the time of the execution of said contract appellant retained possession of the notes and mortgage on said real estate executed by appellee, and it was understood and agreed between appellant and appellee and said Stout, at the time of the execution of said

Walters *v.* Ward.

contract, that said appellant was to retain possession of said notes and mortgage unsatisfied until the same were paid and discharged by said Stout, and appellant did so retain possession of said mortgage with the intention that they should remain alive, unsatisfied and unpaid; that said Stout did, within ten days from the execution of said contract, secure said first payment by executing a chattel mortgage on the 20th day of November, 1895, securing one note for $500 due October 1, 1896, and one for $100, due November 13, 1897; that said chattel mortgage also secured the payment of $600 mentioned in said contract which matured November 13, 1897.    Said Stout took possession of said real estate under said contract of sale with the knowledge and consent of appellant and appellee January 27, 1896.    Before October 1, 1897, said Stout had paid $301 on said real estate, and on said day he paid appellant $554 in addition thereto, and surrendered and delivered to appellant the possession of said real estate together with the crops growing thereon, in consideration of which appellant released said Stout and delivered up to him said notes and chattel mortgage and released said mortgage and took possession of said real estate as the owner thereof, and is still in possession thereof; that appellee had no notice or knowledge of the release of said Stout until long thereafter; that after giving credit upon the interest due Walters, as provided by said contract, for the said sum of $855 paid by Stout, there still remains unpaid $1,333 interest due appellant; that there is due Ward under and by virtue of said contract the sum of $1,200 and interest thereon, $182, in all, $1,382; that there is due appellant on his principal under said contract $4,654.

The court stated as conclusions of law, (1) that the sum of $1,333 interest due appellant is a first lien on said real estate; (2) that the $1,382 due appellee is a second lien on said real estate; (3) that the said $4,654 principal due appellant is a third lien on said real estate; (4) that said Stout has no interest in and to said real estate except such as is subject

to the claims of appellant and appellee; (5) that said real estate should be sold to pay the claims as set out.

Appellant insists that under the written contract appellant held the mortgage notes for $6,100 unpaid and unsatisfied, and that they were the first lien on said real estate, and that the $1,200 due appellee could not in any manner become a lien on said land prior to appellant's mortgage.

It is true that when appellee owned said real estate, the sum of $6,000 payable to appellant, and secured by a mortgage on said real estate, was the first lien thereon, but when he conveyed the land to appellant under said contract it was expressly stipulated that the purchase money to be paid by Stout for said land was to be applied first to the payment of the interest on the said mortgage notes signed by appellee held by appellant; that after the payment of the said interest, before any payments made by Stout shall be applied on the principal of said mortgage notes, the $1,200 of the purchase money for said land, with interest, payable to appellee, should be paid. By this contract the priority of the liens of appellant and appellee were fixed. Appellant, appellee, and Stout had the right as between themselves to agree that, after the payment of the interest due appellant upon the notes signed by appellee, appellee should be paid the $1,200 and interest, his part of the purchase money, before any part thereof should be applied upon the principal of said notes held by appellant, even if there was no merger of said mortgage lien and the same was kept alive. *Loewen* v. *Forsee*, 137 Mo. 29, 39, 48, 38 S. W. 712, 59 Am. St. 489, 494, 495; *Malmgren* v. *Phinney*, 50 Minn. 457, 52 N. W. 915, 18 L. R. A. 753; *Morgan* v. *Kline*, 77 Iowa 681, 42 N. W. 558; 1 Jones on Mort. §608.

Conceding, without deciding, that there was no merger of the mortgage lien of appellant on said real estate, it is clear, under said contract, that the lien of the $1,200 purchase money and interest due appellee was prior to the lien of the principal of the notes secured by said mortgage executed

by appellee to appellant.   It is unnecessary therefore to de-
cide whether or not when appellant received the deed from
appellee for said real estate the mortgage lien of appellant
was merged in the fee simple, or if there was no merger then
whether there was when Stout surrendered the land to ap-
pellant on October 1, 1897, because the conclusions of law
and judgment rendered thereon give appellant the same re-
lief that he would have been entitled to if there was no
merger.   As appellee had no notice or knowledge of the
agreement between appellant and Stout by which appellant
repurchased said real estate, his rights are the same as if said
contract had not been made.   This was the theory upon
which the court tried the cause and stated the conclusions of
law.   Upon this theory it was proper to find the amount of
interest due appellant after deducting the payments amount-
ing to $855 made by Stout, and the amount due appellee,
principal and interest, as well as the principal sum due ap-
pellant.   The notes and mortgage executed by appellee to
appellant are mentioned in said contract, and the amount of
principal and interest due appellant under said contract is
determined by said notes.   Even upon appellant's theory,
therefore, that there was no merger of the mortgage lien
and that what was due him was secured by said mortgage, he
was not injured by the finding that the several sums due ap-
pellant and appellee were due under said contract.   The
conclusions of law are clearly right upon the facts found, and
in harmony with the written contract of the parties, which
cannot be varied, changed, or contradicted by any previous
statements or negotiations, or any contemporaneous parol
agreement or understanding.   *Bever* v. *Bever*, 144 Ind. 157,
161, and cases cited; *Cole* v. *Gray*, 139 Ind. 396; *Hostetter*
v. *Auman*, 119 Ind. 7; *Phillbrook* v. *Emswiler*, 92 Ind. 590;
*King* v. *Enterprise Ins. Co.*, 45 Ind. 43; *Coy* v. *Stucker*, 31
Ind. 161.

Appellant insists that the finding that appellant released
Stout from his contract to purchase and pay for said land is

not sustained by the evidence. This finding is not material for if there had been no finding on said question, or if it was expressly found that Stout was not released from said contract, the conclusions of law stated by the court would not be erroneous. Appellant could not release or discharge Stout from his liability to appellee, and the conclusions of law and judgment rendered thereon are correct, so far as the lien of appellant and appellee and their priority and order of payment are concerned, without regard to whether Stout holds said real estate under his contract, or has surrendered the same to appellant, or has been released by appellant from his liability to him.

Whether or not appellant's contract of November 13, 1895, was an improvident one on his part, or whether he could or should have foreseen all the consequences thereof we are not required to determine; we can only say that his lien on and right to and interest in said real estate are fully protected by the judgment rendered, and he has no just grounds for complaint.

· The death of appellant after the submission of this case being shown, the judgment is affirmed as of the date of submission.