SAVINGS DEPOSIT BANK, a Domestic Corporation, v. OLE ELLINGSON, Annie Ellingson, Minneapolis Iron Store Company, a Corporation, Lewis O. Anderson, Louisa Anderson, Chester Cranmer, E. T. Fisher, and all Other Persons Claiming Any Right, Title, or Interest in or Lien or Encumbrance upon the Real Estate Described in Plaintiff's Complaint, and All Their Unknown Heirs.

(146 N. W. 906).

Plaintiff was owner of a promissory note and interest coupons secured by real-estate mortgage. The first instalment of interest being unpaid, foreclosure was had under the power of sale, and the certificate later assigned to defendant E., who obtained sheriff's deed. Later plaintiff foreclosed upon the princi-

pal mortgage and the remaining interest coupons, and in due course received sheriff's deed. The assignment to E. contained the express stipulation, "this assignment is made without recourse . . . and also made subject to the balance of the mortgage not included in foreclosure." *Held:*

**Mortgage — terms of — statute — control — determination of priority — foreclosure — owner.**

1. That notwithstanding the statutes of the state or terms of the mortgage, the parties had determined by contract the priority of their respective claims, and defendant E.'s interest was subordinate to that of plaintiff, who after the foreclosure became the absolute owner of the premises.

Opinion filed March 30, 1914. Rehearing denied April 22, 1914.

Appeal from the District Court of Mountrail County, *Frank E. Fisk,* Judge.

Reversed.

*George A. McGee,* for appellant.

Each of the instalment payments covered by a mortgage shall be deemed as a separate and independent mortgage, and the mortgage for each instalment may be foreclosed in the same way and with like effect as though separate mortgages. N. D. Codes 1905, § 7458; McCurdy v. Clark, 27 Mich. 445; Kimmell v. Willard, 1 Dougl. (Mich.) 217.

No one instalment in such a mortgage has any preference over the other. Cooper v. Ulmann, Walk. Ch. (Mich.) 251; English v. Carney, 25 Mich. 178; Edgar v. Beck, 96 Mich. 419, 56 N. W. 15.

Such a mortgage may be foreclosed for delinquent instalments of interest, when it provides that interest shall be paid at given times. Jennings v. Moore, 83 Mich. 231, 21 Am. St. Rep. 601, 47 N. W. 127.

The pro-rata rule prevails in part payment of the several notes, irrespective of their dates, maturity or assignment. Nashville Trust Co. v. Smythe, 94 Tenn. 513, 27 L.R.A. 663, 45 Am. St. Rep. 748, 29 S. W. 903; Donley v. Hays, 17 Serg. & R. 404; Cowden's Estate, 1 Pa. St. 278; Mohler's Appeal, 5 Pa. 420, 47 Am. Dec. 413; Perry's Appeal, 22 Pa. 43, 60 Am. Dec. 63; Grattan v. Wiggins, 23 Cal. 16; Dixon v. Clayville, 44 Md. 575; English v. Carney, 25 Mich. 181; Parker v. Mercer, 6 How. (Miss.) 324, 38 Am. Dec. 438; Cage v. Iler, 5 Smedes & M. 410, 43 Am. Dec. 521; Pugh v. Holt, 27 Miss.

461; Andrews v. Hobgood, 1 Lea, 693; Parish Exch. Bank v. Beard, 49 Tex. 363; Delespine v. Campbell, 52 Tex. 4; Wilson v. Eigenbrodt, 30 Minn. 4, 13 N. W. 907; Penzel v. Brookmire, 51 Ark. 105, 14 Am. St. Rep. 23, 10 S. W. 15; Commercial Bank v. Jackson, 7 S. D. 135, 63 N. W. 548; McCurdy v. Clark, 27 Mich. 445; Jennings v. Moore, 83 Mich. 231, 21 Am. St. Rep. 601, 47 N. W. 127; Fourth Nat. Bank's Appeal, 123 Pa. 473, 10 Am. St. Rep. 538, 16 Atl. 779; Studebaker Bros. Mfg. Co. v. McCargur, 20 Neb. 500, 30 N. W. 686; Todd v. Cremer, 36 Neb. 430, 54 N. W. 674; Jones Mortg. 5th ed. 822, 1701; Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841.

Under the terms of the assignment, the rights of Ellingson were subject and subsequent to the unmatured instalments. Grattan v. Wiggins, 23 Cal. 31.

The mortgage has the right to fix by agreement the rights of the holders of the several notes to the mortgage security; and such an agreement may be implied from the circumstances of the transfer. Sherwood v. Dunbar, 6 Cal. 53; Keyes v. Wood, 21 Vt. 339; Langdon v. Keith, 9 Vt. 299; Wright v. Parker, 2 Aik. (Vt.) 212; Pattison v. Hull, 9 Cow. 752; McVay v. Bloodgood, 9 Port. (Ala.) 547; Bank of England v. Tarleton, 23 Miss. 173.

Such rights may be regulated by contract. McVay v. Bloodgood, 9 Port (Ala.) 547; Exchange Bank v. Eddy, 10 Ohio L. J. 389; Morgan v. Kline, 77 Iowa, 681, 42 N. W. 558; Rolston v. Brockway, 23 Wis. 407; Langdon v. Keith, 9 Vt. 299; Wright v. Parker, 2 Aik. (Vt.) 212; Thayer's Appeal, 6 Sadler (Pa.) 392, 9 Atl. 498; Granger v. Crouch, 86 N. Y. 494; Mechanics' Bank v. Bank of Niagara, 8 Wend. 410; Norton v. Stone, 8 Paige, 222; Dunham v. W. Steele Packing & Provision Co. 100 Mich. 75, 58 N. W. 627; Norton v. Palmer, 142 Mass. 433, 8 N. E. 346; Foley v. Rose, 123 Mass. 557; Bryant v. Damon, 6 Gray, 564; Anglo-American Land, Mortg. & Agency Co. v. Bush, 84 Iowa, 272, 50 N. W. 1063; Walker v. Dement, 42 Ill. 272; Redman v. Purrington, 65 Cal. 271, 3 Pac. 883; Bank of England v. Tarleton, 23 Miss. 173; Solberg v. Wright, 33 Minn. 224, 22 N. W. 381; Chew v. Buchanan, 30 Md. 367; Jumel v. Jumel, 7 Paige, 591.

Where one purchases property under a deed conveying the same, "subject to a mortgage hereinafter particularly mentioned," it is clear

that the parties intended that the grantee was to take the premises subject to the payment of the mortgage. Brown v. South Boston Sav. Bank, 148 Mass. 300, 19 N. E. 382.

*Middough & Hunt,* for respondents.

There are many high authorities which apply the so-called *pro tanto* rule, giving the note first to mature the prior benefit of the security. Horn v. Bennett, 135 Ind. 158, 24 L.R.A. 800, 34 N. E. 321, 956; Leavitt v. Reynolds, 79 Iowa, 348, 7 L.R.A. 365, 44 N. W. 567; New York Security & T. Co. v. Lombard Invest. Co. 65 Fed. 271; Aultman-Taylor Co. v. McGeorge, 31 Kan. 329, 2 Pac. 778.

Where a mortgage secures the payment of a note in instalments of so much, and the first instalment becomes due, and a foreclosure thereon is had, and the premises sold to a third person, who, upon obtaining a deed upon such foreclosure, conveys by deed back to the original mortgagor, such mortgagor takes the property discharged and clear of any encumbrances by reason of subsequent instalments or amounts to become due. Kimmell v. Willard, 1 Dougl. (Mich.) 217; Miles v. Skinner, 42 Mich. 181, 3 N. W. 918; Edgar v. Beck, 96 Mich. 419, 56 N. W. 15; Nebraska Loan & T. Co. v. Haskell, 4 Neb. (Unof.) 330, 93 N. W. 1045.

Where a mortgage is foreclosed for a part of the debt secured, all being due, and the mortgaged property is sold, third persons are justified in believing that all has been paid, and the lien of the mortgage is terminated as to creditors and purchasers at the sale. Loomis v. Clambey, 69 Minn. 469, 65 Am. St. Rep. 576, 72 N. W. 707.

BURKE, J. The plaintiff bank was the owner of a promissory note and interest coupons secured by real-estate mortgage. The first instalment of interest being unpaid, foreclosure was begun and the premises bid in by the bank for the sum of $63.90. Some seven months later the bank assigned the said sheriff's certificate to the defendant Ellingson by an instrument in writing which contained the following clause: "This assignment is made without recourse, . . . and also made subject to the balance of the mortgage not included in foreclosure." No redemption was made from this sale, and a sheriff's deed was issued in due time to Ellingson. When a later interest coupon became due, the bank declared the entire mortgage due, and fore-

closed the same by a sale of premises, which were bid in by the bank. No redemption was made from this second sale, and in due course sheriff's deed issued to the plaintiff bank. It is stipulated by the parties that both of the foreclosures were in all things valid. This dispute arises upon action to quiet title brought by the bank against Ellingson and a party claiming under him, as well as the original mortgagors.

The facts were all stipulated by the parties, and adopted as findings of fact by the trial court. This appeal challenges the correctness of the conclusions of law announced by the trial court, and which were to the effect that the sheriff's deed issued to Ellingson passed title to the premises, clear of the lien of the mortgage and remaining interest coupons. We find many interesting questions raised, but will confine ourselves to one proposition, which is decisive of this appeal.

(1) Appellant contends, and we think correctly, that notwithstanding the statutes or terms of the mortgage the parties have the right to determine the priority of their respective claims by contract, and that the assignment quoted is such a contract, and determines that the rights of the bank should constitute a first mortgage, and the rights of the defendant Ellingson in effect the second mortgage upon the premises. This conclusion is supported both by reason and authority. It is hard to believe that the bank would consent to a sale of the first coupon for the sum of $63, with any other understanding than that it should be inferior to their rights under the original mortgage and interest coupons. It is unreasonable to believe that they would jeopardize their principal loan to collect such a small sum of money. On the other hand, Ellingson would be anxious to obtain this interest coupon and the sheriff's certificate issued thereupon, because it would give him the land, subject only to the mortgage of less than $200. It seems clear to us that that must have been the intention of the parties at the time the assignment was made, and when the sheriff's deed was issued to Ellingson he became the owner absolutely of the premises, subject only to the mortgage held by the bank. It was his duty, however, to pay this mortgage, or be deprived of his property by foreclosure.

This seems to be the holding of other courts upon the same state of facts. Thus, in Morgan v. Kline, 77 Iowa, 681, 42 N. W. 558, it is said: "The mortgagee owned them and the mortgage absolutely, and

had a right to sell such interest therein as he might elect. It was his privilege to sell the last two notes, and to relinquish all claim to the mortgage, or to make the claim he retained junior to that he sold. He adopted the latter plan, and executed an assignment which fixed the respective rights of the mortgagee and the plaintiff. It was duly acknowledged, and represented different interests in real estate, and the record thereof was constructive notice of the interests of the parties thereto." To the same effect see Grattan v. Wiggins, 23 Cal. 31, where it is said: "It is clear that the mortgagee has the right by agreement to fix the rights of the holders of the several notes to the mortgage security, and such an agreement may be implied from the circumstances of the transfer." Also in Bank of England v. Tarleton, 23 Miss. 173, it is said: "The priority rights of the holder of any note and the lease securing the same may be regulated by contract of assignment so that the usual rules of maturity or *pro rata* distribution would not apply." See also Dunham v. W. Steele Packing & Provision Co. 100 Mich. 75, 58 N. W. 627, and a long list of cases compiled and digested in 20 Century Dig. § 1746. Note at page 802, vol. 24 L.R.A.

It is clear, therefore, that the defendant Ellingson lost all his interest in this land when the prior mortgage thereon was foreclosed and sheriff's deed issued to plaintiff. The mortgage given by Ellingson to the defendant Minneapolis Iron Store Company falls with this title. The trial court is directed to vacate the order hereinbefore made, and enter judgment in favor of the plaintiff for the relief demanded.