JOHN F. REID ET AL., APPELLEES, V. HATTIE L. KEYS ET AL., APPELLANTS.

FILED JUNE 24, 1924.   No. 22784.

Holidays: JUDICIAL SALES. When a day designated by statute as a legal holiday falls on Sunday, the succeeding day is not a legal holiday, except only as to commercial paper, and a judicial sale of lands made on such a day will not be set aside as in derogation of any statute relating to legal holidays.

APPEAL from the district court for Merrick county: A. M. POST, JUDGE. Affirmed.

M. O. Cunningham and Elmer E. Ross, for appellants.

John C. Martin, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

MORRISSEY, C. J.

This case is here on appeal from the district court for Merrick county.

In October, 1920, appellees filed their petition for foreclosure of two mortgages held by them. Upon trial, a decree was entered in favor of appellees, and appellants took a stay of execution. On January 10, 1922, an order of sale was issued and the sheriff of Merrick county caused notice of sale to be published, as required by statute, in a legal newspaper. On February 13, 1922, the premises were sold to appellees. Two days later appellants filed objections to the confirmation of the sale, alleging that the sale was void in that it had been held on a legal holiday, and made other objections which are abandoned here. The objec-

tions were overruled and the sale confirmed. Defendants appeal from the order confirming the sale.

The holiday in this case was February 12, known as "Lincoln's Birthday," which in the year 1922 fell on Sunday. It is appellants' contention that the Monday following a Sunday which is a legal holiday is also a legal holiday. The contrary of this contention has long been the established rule in this state, except in matters falling within some special provision of the statute. *Ostertag v. Galbraith,* 23 Neb. 730; *State v. King,* 23 Neb. 540.

The judgment of the lower court is

AFFIRMED.

Note—See Holidays, 29 C. J. p. 761, sec. 2.