On the 26th day of January, 1923, the defendants executed and delivered to plaintiff a mortgage upon the E 1/2 of section 20, township 144, range 63 to secure the payment of $6,000.00. This mortgage was foreclosed, and the land was sold to pay amortization installments and taxes paid by the plaintiff on said land amounting in all to $775.56. There was no redemption from the foreclosure sale, and at the expiration of the period of redemption a sheriff's deed was issued to the purchaser, the Federal Land Bank, on the 8th day of May, 1929. On the 11th day of May, 1929, the plaintiff caused to be served upon the defendant, "a notice to quit," and on the 15th day of May the plaintiff began an action in the justice court in forcible detainer. The defendants by answer raised the question of real estate title and the action was transferred to the district court where it was tried without a jury. Findings of fact and conclusions of law were made in favor of the plaintiff, and from a judgment entered thereon, the defendants appeal, alleging that the court erred in holding, that the sale of the premises under a foreclosure of a mortgage on the 13th day of February, 1928, a legal holiday was valid and legal. It is conceded that the sale was regular in all things, except, that the land was advertised for sale and sold on the 13th of February, 1928 (Lincoln's birthday the 12th of February falling on Sunday), which is a legal holiday in North Dakota. *Page 725 
The plaintiff contends, that his case is controlled by the case of Finch Van Slyck McConville v. Jackson, 57 N.D. 17,220 N.W. 130, wherein we held, that notice of sale published on the 25th of December and the first day of January, two holidays, was legal, because not forbidden by the statute establishing the day as a holiday.
In the case of Carr v. Wakonda Independent Consol. School Dist.44 S.D. 103, 182 N.W. 626, the Supreme Court of South Dakota held, that the notice of the special election published on Christmas Day and New Year's Day did not come under the prohibition of public business or the service of process which are forbidden on any holiday by the South Dakota statute. The South Dakota statute is broader than ours. It contains this provision, viz., "Aside from Sundays the observance of which is provided for in title four, no public business except in case of necessity shall be transacted on any one of said days, and no legal process shall be served on any of said days." We have no such provision in our statute. Those provisions are found in the Sunday law, § 9235, Comp. Laws 1913, which forbids the serving of process and other acts on the first day of the week or Sunday. The only act prohibited on holidays is found in § 7338, Comp. Laws 1913, viz.: "Courts shall not be open on Sundays or legal holidays, unless for the purpose of instructing or discharging a jury, or receiving a verdict."
Minnesota has the same provision that South Dakota has forbidding the service of process and public business on holidays, and in the case of Malmgren v. Phinney, 50 Minn. 457, 18 L.R.A. 753, 52 N.W. 915, Judge Mitchell speaking for the court said: "It is urged that Peterson, the owner of 20 feet of the lot, and consequently a necessary party, was never served with the summons in this action. He was a non-resident, and service was had by publication for six successive weeks once in each week; and, as one of the publications was made on May 30th (Memorial Day), it is claimed that the publication was invalid, because the statute provides that `no civil process shall be served' on that day. We have not overlooked the case of Sewall v. St. Paul, 20 Minn. 511, Gil. 459, in which it was held that a notice published six days, one of which was Sunday, was invalid, although there is respectable authority holding the contrary. See Savings L. Soc. v. Thompson, 32 Cal. 347. But we think there is a clear distinction between a publication on Sunday, and one on what may be termed a *Page 726 
`secular holiday'. The Sunday issue is commonly considered as really a distinct paper from the issue on week days, and to considerable extent circulates among a different class of subscribers. . . . It would not be likely to serve the purpose for which it was designed, to wit, notice. Not so with papers issued on such holidays as Memorial Day, the Fourth of July, and the like, which are part of the regular issue. The object of the prohibition against serving process on these days is to prevent any interference with their quiet enjoyment or observance."
In the later case of St. Paul v. Robinson, 129 Minn. 383, 152 N.W. 777, Ann. Cas. 1916E, 845, Judge Hallam said, "The next contention is that the ordinance under which defendant is being prosecuted is void because published on Memorial Day. . . . Memorial Day is made by statute one of the prescribed legal holidays, and it is provided that `no public business shall be transacted on those days, except in case of necessity, nor shall any civil process be served thereon.' . . . Two things are forbidden, service of process and transaction of public business. The publication of this ordinance clearly did not constitute a service of process. Did it constitute transaction of public business? . . . Following the rule and the reasoning of the Malmgren Case, it must be held that the publication of an ordinance in the official newspaper of the city on a legal holiday does not constitute the `transaction of public business' as that term is used in the statute."
The California Code (Code Civ. Proc. §§ 134, 135, as amended by Stat. 1907, pp. 681, 682) provides, "No court other than the Supreme Court must be open for the transaction of Judicial business on any of the holidays mentioned in § 10," and "if any day mentioned in § 10 be a day appointed for the holding or sitting of any court other than the Supreme Court it is deemed adjourned to the next succeeding judicial day." The only difference between the California statute and our statute, is, that the Supreme Court is not included in the California statute while it is in ours.
In the case of People ex rel. Russell v. Loyalton, 147 Cal. 774,82 P. 620, "An election was ordered by the board of supervisors to be held on the ninth day of September, 1901, and was held on said day. That being a holiday under the provisions of our statute, it is claimed that no valid election could be held thereon. Appellant has pointed out no statute prohibiting the holding of such an election on a holiday, *Page 727 
and we know of none. There is a statutory prohibition as to the transaction of certain `judicial business' on certain holidays, including September 9th but the holding of an election does not come within that term. In the absence of any such statutory prohibition we know of no reason why the election could not be held on a day set apart by statute as a holiday. The rule appears to be that on all such days all transactions not within the statutory prohibition may be carried on as on any other day."
In the case of Young v. Patterson, 9 Cal.App. 469,99 P. 552, the court said: "The only question is, was the sale of land on a legal holiday by a tax collector void? . . . We find no statute prohibiting such sale on a holiday, and we find no statute prohibiting, the postponement of the sale noticed on a holiday. We think the rule applicable here is that, in the absence of a statutory prohibition, a ministerial act of the kind in question is not void because performed upon a legal holiday. People ex rel. Russell v. Loyalton, 147 Cal. 774, 82 P. 620; Heisen v. Smith, 138 Cal. 216, 218, 94 Am. St. Rep. 39,71 P. 180; Reclamation Dist. v. Hamilton, 112 Cal. 603, 44 P. 1074."
"The sale of defendant's property on the day of the charter election in the city of New York although a judicial sale made by an officer of the court is not court business and is not void." King v. Platt, 37 N.Y. 156.
The prohibition in the Nebraska Code (Comp. Stat. 1922, § 1998), is the same as ours, viz.: "No court can be opened, nor can any judicial business be transacted on Sunday or on any legal holiday, except; First — To give instructions to a jury then deliberating on a verdict. Second — To receive a verdict or discharge a jury. Third — To exercise the powers of a single magistrate in a criminal proceeding. Fourth — To grant or refuse a temporary injunction or restraining order."
In the late case of Reid v. Keys, 112 Neb. 242, 199 N.W. 533, the Nebraska Court said: "On January 10, 1922, an order of sale was issued and the sheriff of Merrick county caused notice of sale to be published, as required by statute, in a legal newspaper. On February 13, 1922, the premises were sold to appellees. Two days later appellants filed objections to the confirmation of the sale, alleging that the sale was void in that it had been held on a legal holiday, and made *Page 728 
other objections which are abandoned here. The objections were overruled and the sale confirmed. Defendant appeals from the order confirming the sale. The holiday in this case was February 12, known as `Lincoln's Birthday,' which in the year 1922 fell on Sunday. It is appellants' contention that the Monday following a Sunday which is a legal holiday is also a legal holiday. The contrary of this contention has long been the established rule in this state, except in matters falling within some special provision of the statute. Ostertag v. Galbraith, 23 Neb. 730, 37 N.W. 637; State ex rel. Carter v. King, 23 Neb. 540, 37 N.W. 310."
In the case of Tully v. Grand Island Teleph. Co. 87 Neb. 822, 128 N.W. 508, the court quotes from the decision in Re Worthington, 7 Biss. 455, Fed. Cas. No. 18,051, as follows: "Statutes commanding the suspending of official business upon holidays should be construed so as to prohibit only such acts as are in expressed terms or by clear implication within the purview of the act. Whipple v. Hill, 36 Neb. 720, 20 L.R.A. 313, 38 Am. St. Rep. 742, 55 N.W. 227; Lord v. Gifford, 67 N.J.L. 193, 58 A. 903." Glenn v. Eddy, 51 N.J.L. 255, 14 Am. St. Rep. 684, 17 A. 145.
"There is no provision of law in this state which commands a suspension of official business upon a holiday, or which renders invalid a sheriff's sale made upon a holiday, and sales made on holidays have in other states been upheld. For instance, the 4th of July (Lumpkin v. Cureton, 119 Ga. 64, 45 S.E. 729); the first Tuesday in November, a holiday in Texas (Crabtree v. Whiteselle,65 Tex. 111); or on an election day (King v. Platt, 37 N.Y. 155). And the rule generally appears to be that any and all business may be transacted upon a holiday except that which is positively forbidden, and hence we conclude the sale advertised could have been lawfully held at the time fixed in the notice. The time for the sale of this property was not appointed by law or contract for this particular day, and, as it might lawfully have been held thereon, it could not without notice, lawfully be held at the time it was, and the motion to set aside the sale should be sustained." McLaughlin v. Houston-Hudson Lumber Co. 31 Okla. 182, 38 L.R.A.(N.S.) 248, 120 P. 660. This is followed in the late Oklahoma case of Garner v. Tulsa Bldg. L. Asso. 131 Okla. 232, 58 A.L.R. 1269, *Page 729 
268 P. 722, in which it is held, that section 3546, "providing inter alia that every day on which an election is held throughout the state is a holiday, does not render invalid a sheriff's sale, regular in all other respects, made on such holiday, since there is no provision of law in this state which commands a suspension of official business on such holiday." Quoting 29 C.J. 762, ¶ 3, and citing and reviewing the many cases cited, and which need not be repeated here.
The latest case on the subject is the case of Woodard v. Bienville School Bd. 169 La. 831, 126 So. 207, decided January 6, 1930, and in which it is held: "It appears that the rule applied in the interpretation of a holiday statute is that, whatever the statute expressly declares shall not be done on such days is unlawful, but whatever the statute fails to prohibit remains lawful to be done on such day." Citing Thompson v. Landeck, 15 Pa. Dist. R. 367, as follows: "When the statute declares (certain days) to be legal holidays it does not permit a reference to the legal status of Sunday to discover its meaning; for it proceeds to interpret the phrase, so far as it is prohibitory, by an express enactment declaring what shall not be done thereon. What it thus expresses is prohibited; what it fails to prohibit remains lawful to be done." Quoting also from the case of Griffith v. Vicksburg, 102 Miss. 1, 58 So. 781, as follows: "One of appellant's contentions is that, since by § 4011 of the Code of 1906, the first day of January is declared to be a legal holiday, the ordinance providing for the issuance of the bonds is void. The mere fact that the legislature has declared a day other than Sunday to be a legal holiday does not make such day dies non. All acts done on such a day are lawful and valid, except such as are prohibited by the statute setting apart the day as a holiday."
Appellant cites the case of Gallager v. Hien, 24 App. D.C. 296, 68 L.R.A. 272, 2 Ann. Cas. 133, which construes an act of the District of Columbia relating to holidays. The court said: "Originally in the code as it went into effect on January 1st or 2nd of 1902, the last clause read, `shall be holidays in the district within the meaning of this section,' which would restrict its operation to the matter of the presentation of negotiable paper for payment or acceptance. The substitution of the words for all purposes in the amendatory act of June 30, 1902, has been gradually understood and accepted as broadening the *Page 730 
scope of this provision so as to make it apply to all official duty and to justify the cessation of all official work. It seems to be accepted on both sides of these cases as constituting the afternoon of Saturday as a dies non juridicus." Prior to the enactment of this amendment the statute of the District of Columbia was as broad as ours. It designated New Year's Day, Washington's Birthday, Fourth of July, Labor's Holiday, Christmas Day, Thanksgiving Day and every Saturday afternoon as holidays in the District, within the meaning of the statute, which meant, that they were holidays only so far as concerned the presentation of negotiable paper for payment or acceptance, but the amendment making them holidays for all purposes excluded every other purpose.
We have no such statute and under the well settled law a foreclosure sale of mortgaged real estate on a legal holiday is valid.
Appellant also claims that, "The court erred in failing to hold that the sale of the premises under proceedings by advertisement for a foreclosure of the mortgage, subject to the balance due on the principal mortgage was void." The notice of sale contains the following provision, viz.: "Said sale is to be made subject and inferior to the unpaid principal of the aforesaid mortgage to the Federal Land Bank of St. Paul." Appellant claims that, this provision in the notice of sale invalidates the sale, and further that the foreclosure for installments could not be made by advertisement; that the first installments were prior to and superior to the principal indebtedness, while it was advertised as inferior, and subject to the undue indebtedness. It is conceded that, the notice of sale contains every statement required by the statute. The statement in the notice that, "the sale is to be made subject and inferior to the unpaid principal of the aforesaid mortgage" does not fix the status of the mortgage or of any of the installments. The status of the installments and the mortgage securing them is fixed by the statute, viz., § 8078, Comp. Laws 1913, which reads as follows:
"In case of mortgages given to secure the payment of money by installments, each of the installments mentioned in the mortgage shall be taken and deemed to be a separate and independent mortgage, and the mortgage for each of such installments may be foreclosed in the same manner and with like effect as if a separate mortgage was given for each of such installments and a redemption of any such sale shall *Page 731 
have the like effect as if the sale for such installments had been made upon a prior independent mortgage."
It is clear from this section, that each installment is a separate and distinct mortgage, and the mortgagee had the legal right to foreclose on each installment as it came due.
Under this statute the foreclosure on installments did not exhaust the mortgage, and the statement in the notice of sale that the sale was made subject and inferior to the unpaid principal was notice to the mortgagors and to the public that the mortgagee elected to declare the foreclosure of the first installment inferior to and subject to the unpaid principal so that he might proceed under the statute to foreclose on each installment as it became due and thus hold the mortgaged property as security for the entire debt according to the mortgage contract and § 8078, Comp. Laws 1913.
In the case of Savings Deposit Bank v. Ellingson, 27 N.D. 516, 146 N.W. 906, this court said:
"Plaintiff was the owner of a promissory note and interest coupons secured by real estate mortgage. The first installment of interest being unpaid, foreclosure was had under the power of sale, and the certificate later assigned to defendant E., who obtained sheriff's deed. Later plaintiff foreclosed upon the principal mortgage and the remaining interest coupons, and in due course received sheriff's deed. The assignment to E. contained the express stipulation: `This assignment is made without recourse . . . and also made subject to the balance of the mortgage not included in foreclosure.' Held: (1) That notwithstanding the statutes of the state, or terms of the mortgage, the parties had determined by contract the priority of their respective claims, and defendant E.'s interest was subordinate to that of plaintiff, who, after the foreclosure, became the absolute owner of the premises."
If the mortgagee can assign the certificate of sale to a third party and without the knowledge or consent of the mortgagor make the first foreclosure subject to the second, he is then in absolute control over the disposition of the mortgage indebtedness, and the mortgagor cannot complain; he owes the entire debt and he has nothing to say about the disposition of the debt by the mortgagee.
In the case of "Morgan v. Kline, 77 Iowa, 681, 42 N.W. 558, it is said: `The mortgagee owned them (the notes) and the mortgage *Page 732 
absolutely, and has a right to sell such interest therein as he might elect. It was his privilege to sell the last two notes, and to relinquish all claim to the mortgage, or to make the claim he retained junior to that he sold. He adopted the latter plan, and executed an assignment which fixed the respective rights of the mortgagee and the plaintiff.' . . . To the same effect see Grattan v. Wiggins, 23 Cal. 31, where it is said: `It is clear that the mortgagee had the right by agreement to fix the rights of the holders of the several notes to the mortgage security, and such an agreement may be implied from the circumstances of the transfer.' Also in Bank of England v. Tarleton, 23 Miss. 173, it is said: `The priority rights of the holder of any note and the lease securing the same may be regulated by contract of assignment, so that the usual rules of maturity or pro rata distribution would not apply.' See also Dunham v. W. Steele Packing Provision Co. 100 Mich. 75, 58 N.W. 627, and a long list of cases compiled and digested in 20 Century Dig. § 1746. Note in 24 L.R.A. 802."
It follows that the mortgagee has complete control over the indebtedness but there is no question of priority involved in this case. The mortgagee owns the entire indebtedness and the statement in the notice of sale and likewise in the statutory notice of intention to foreclose, i.e., that the sale would be made subject and inferior to the unpaid principal, in no way was prejudicial to the mortgagors. There is no merit to the contention that the mortgage could not be foreclosed by advertisement.
Chapter 30 of the Code of Civil Procedure relates to the foreclosure of mortgages, liens and contracts, article 1 of said chapter relates to foreclosure by advertisement and § 8078, supra, is a part of said article and chapter. The mortgage specifically provides for payment by installments, and the statute provides that each installment is a separate and independent mortgage. The mortgagee was entitled to foreclose for the amount due thereon by advertisement or by action.
The judgment is affirmed.
CHRISTIANSON, BIRDZELL, NUESSLE and BURR, JJ., concur. *Page 733