(96 South. 824)

No. 25357.

## SMITH et al. v. POLICE JURY OF ST. TAMMANY PARISH et al.

(April 2, 1923. Rehearing Denied June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Navigable waters ☞8½—Act authorizing creation of navigation districts held constitutional.**

Under Const. 1913, art. 281, including navigation districts in the districts authorized to incur debts and issue bonds with vote of taxpayers, but not providing for their creation, Act No. 302 of 1914, authorizing police juries to create such districts, was constitutional.

2. **Constitutional law ☞70(1)—Courts cannot control discretion of General Assembly in creation of navigation districts.**

As Const. 1913, art. 281, left the matter of creating and governing navigation districts to the General Assembly, its action is beyond control by the judiciary, and the courts will not undertake to control its discretion.

3. **Constitutional law ☞24—Act inconsistent with constitutional provision requiring legislation to make it effective held not repealed.**

In view of Const. 1921, art. 14, § 14, and article 22, § 1, par. 3, Act No. 302 of 1914, authorizing creation of navigation districts, though inconsistent with Const. art. 14, § 6, was not repealed thereby, as that section required legislation to make it effective.

153 LA.—31

4. **Navigable waters ☞8½—Act relative to navigation districts held repealed by law conferring powers respecting navigation canals on police jury.**

Act No. 302 of 1914, authorizing creation of navigation districts and empowering them to levy taxes and issue bonds when authorized by special election, is inconsistent with, and repealed by Act No. 68 of 1921, conferring authority with respect to navigation canals on police jury.

5. **Navigable waters ☞8½—Police jury cannot issue bonds under authority of election held by navigation district under former law.**

In view of Const. 1921, art. 4, § 12, prohibiting assumption of liabilities by political corporations, police jury cannot issue bonds for navigation canal under Act No. 68 of 1921, upon authority of special election held by navigation district under Act No. 302 of 1914.

6. **Navigable waters ☞8½—Right of navigation district to issue bonds lost by repeal of statute before any tax levied.**

Where commissioners of navigation district had not levied tax pursuant to special election held under Act No. 302 of 1914, when that act was repealed, its right to incur indebtedness and issue bonds was still inchoate and lost by the repeal of such act.

7. **Appeal and error ☞1107—Judgment denying injunction against proceedings under statute, which was repealed after suit brought, will be reversed.**

Where Act No. 302 of 1914, authorizing creation of navigation districts was repealed, after filing of suit and while district's right to issue bonds was still inchoate, judgment denying an injunction will be reversed, as, in case of affirmance, injunction could issue immediately against any further proceedings.

O'Niell, C. J., dissenting in part.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by Joseph M. Smith, Jr., and others against the Police Jury of St. Tammany Parish and others. From a judgment for defendants, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Ellis & Cappel, of Covington, for appellants.

Lewis L. Morgan, of Covington, for appellees.

LAND, J. On August 9, 1921, the police jury of St. Tammany parish, acting under authority of Act 302 of 1914, passed an ordinance creating navigation district No. 1 of said parish, embracing the entire fourth ward of said parish.

On August 30, 1921, the commissioners of said navigation district organized by electing a president, vice president, and secretary treasurer, and proceeded to pass an ordinance ordering a special election in said navigation district, for the purpose of submitting to the qualified electors of said district the question of a bond issue of $25,000, to run for 20 years from date, the proceeds of such issue to be used to dig a channel at the mouth of Bayou Castaing, to construct a revetment for the protection of said channel, to build wharves and to make all necessary and proper improvements along said bayou, in order to make said bayou sufficient in size to receive and accommodate barges, schooners, motor boats, and every other kind of vessel.

The president of said navigation district, immediately upon the passage of said ordinance, issued a proclamation calling an election in said navigation district to be held on October 10, 1921, and said ordinance and proclamation were duly published in the official journal of said parish.

Said election was duly held on October 10, 1921, and the result promulgated on October 11, 1921; said result being favorable to the proposition to incur debt and issue bonds for said project—fifty votes representing a taxable assessed property valuation of $111,295 being in favor of, and two votes representing a taxable assessed property valuation of $4,460 being against said proposition.

On December 5, 1921, petitioners, alleging themselves to be citizens, real property owners, and taxpayers, residing in the Fourth ward, embracing navigation district No. 1, of St. Tammany parish, applied to the district court of the Twenty-Sixth judicial district for an injunction against said navigation district, restraining said defendant from incurring any indebtedness or issuing any bonds under said special election, and attacking the authority of the police jury of said parish to create said district. The defendants rely entirely upon Act 302 of 1914 and the ordinance passed by the police jury of St. Tammamy parish creating navigation district No. 1. Plaintiffs assail, as unconstitutional, Act 302 of 1914, authorizing the police juries of the different parishes to create navigation districts with the power to incur debts, issue negotiable bonds, etc., and assert that the police jury of St. Tammany parish was therefore, without legal right to create navigation district No. 1 in ward 4 of said parish.

[1] Plaintiffs contend that, while article 281 of the Constitution of 1913 mentions navigation districts, and confers upon such districts the right to incur debts and to issue negotiable bonds therefor, when so authorized by a vote of a majority in number and amount of the property taxpayers, at an election held for that purpose, there is no provision in said Constitution which authorizes a police jury to create such district; the organic law being silent as to the manner in which such districts should be established and controlled.

Plaintiffs deduce from this premise that the Legislature had no authority to pass Act 302 of 1914, and that the police jury of St. Tammany parish having no inherent right to create political subdivisions, acted ultra vires, in passing said ordinance, in the absence of direct constitutional authority delegated to that body. Such construction would render article 281 of the Constitution of 1913 a dead letter as to navigation districts, and therefore cannot be accepted as a rule of sound interpretation. Article 281 of the Constitution contains a similar provision as to drainage districts. No provi-

sion is made in this article as to the manner in which such districts shall be created and governed.

The General Assembly, in order to carry into effect said article, passed Act 114 of 1900, providing in section 1 of said act:

"That municipal corporations, parishes and drainage districts, the city of New Orleans excepted, may incur debt and issue negotiable bonds therefor when authorized to do so by a vote of the majority in number and amount of the property taxpayers, qualified as electors under the Constitution and laws of the state, voting at an election held for that purpose, after due notice of said election, given by the president of the police jury or the mayor of the municipality, submitting the proposition to said taxpayers, has been published," etc.

In commenting on article 281 of the Constitution of 1898, in the case of Mayor and Board v. New Iberia Drainage District, 106 La. 656, 31 South. 307, this court said:

"The purpose of this article is unquestionably to authorize the establishment of districts autonomous for drainage purposes, and distinct from the parishes of which for other purposes they may form part. It will be observed, however, that the article does not undertake to establish such districts, or to prescribe by whom drainage districts in general or in particular shall be established, or governed; and these matters therefore fall within the control of the General Assembly, and the legislation necessary to carry this article of the Constitution into effect was accordingly adopted."

[2] As the matter of creating and governing navigation districts under article 281 of the Constitution of 1913 is left by that instrument to the General Assembly, the action of that department of the government is beyond the control of the judiciary. The courts will not undertake to control a discretion which the Convention that framed the Constitution of 1913 deemed wise to vest in the law-making body of the state.

Act 302 of 1914 is, therefore constitutional.

[3] Able counsel for plaintiff contends that, as the Constitution of 1913 very plain-

ly names and sets out "navigation districts," and the Constitution of 1921 "as plainly omits it." Act 302 of 1914 was repealed by the Constitution of 1921.

We have held Act 302 of 1914 to be constitutional. It is admitted that section 6 of article 14 of the Constitution of 1921 is in conflict with Act 302 of 1914. This section provides that—

"Parishes and municipalities shall have the right to acquire property, either by purchase, donation or expropriation, for navigation canals; and for the payment thereof shall have the right to issue bonds, or certificates of indebtedness, in the same manner and subject to the same limitations provided in section 14 of this article."

Section 14 of said article provides that—

"Municipal corporations, parishes and school, road, subroad, sewerage, drainage, and subdrainage districts, hereinafter referred to as subdivisions of the state, may incur debt and issue negotiable bonds, when authorized by vote of a majority, in number and amount, of the property taxpayers qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose after notice published or posted for thirty (30) days *in such manner as the Legislature may prescribe*, and the governing authorities of such subdivision shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest annually or semiannually and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity." (Italics ours.)

The italicized words, "in such manner as the Legislature may prescribe," clearly show that section 6, when construed with reference to section 14 of article 14 of the Constitution of 1921, is not self-operative. The General Assembly, by Act 68 of 1921, enacted the necessary legislation to carry this section into effect.

Section 1, paragraph 3 of article 22, schedule of the Constitution of 1921, provides that—

"The provisions of all laws, which are inconsistent with this Constitution, shall cease

upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them, shall remain in full force until such legislation is had."

It follows, therefore, that Act 302 of 1914, though inconsistent with section 6 of the present Constitution, was not repealed by said section, as legislation was required to enforce the provisions of that section. This legislation is embodied in Act 68 of 1921, authorizing parishes to acquire property for navigation canals, etc. The special election was held under Act 302 of 1914, October 10 1921, and the result promulgated October 11, 1921. The present suit was filed December 5, 1921, contesting said election. The purpose of this suit was to prevent navigation district No. 1 of St. Tammany parish and its commissioners from incurring any indebtedness or issuing any bonds predicated upon the result of said election. Act 302 of 1914 expired at the date Act 68 of 1921 went into effect, December 9, 1921.

[4, 5] Under Act 302 of 1914 the commissioners of a navigation district have authority to call such special elections as are necessary to levy taxes, incur debt, and to issue negotiable bonds. Under Act 68 of 1921, such authority is vested in a police jury. Under the former act, a navigation district is declared to be a distinct political entity, a separate body corporate in law, with all of the powers of a corporation; and the full ownership of property acquired under said act for canal purposes is vested in the navigation district. Under the latter act, the use of, or title to, all property acquired for canal purposes vests in the public, either parochial, state, or national. It is, therefore, obvious that these acts are inconsistent and irreconcilable in their provisions. Section 12 of article 4 of the Constitution of 1921 prohibits the state or any political corporation thereof from assuming the liabilities of any political, municipal, parochial, private, or other corporation or association whatever.

To hold then that, after the expiration of Act 302 of 1914, the police jury of St. Tammany parish could proceed under Act 68 of the Extra Session of 1921 to issue bonds for the indebtedness, voted for at the special election held under the authority of navigation district No. 1 of said parish under the former act, would be not only to ignore the express prohibition of the organic law against the assumpsit by one political corporation of the liabilities of another political corporation of the state, but to substitute also a new political agency of the state, wholly unauthorized at the time, as the machinery for the calling and holding of this special election. As Act 302 of 1914 expired December 9, 1921, the date of the going into effect of Act 68 of the Extra Session of 1921, and as the issuance of these bonds under the latter act is prohibited by section 14 of article 14 of the Constitution, and as said acts are in direct conflict with each other, it follows then, as a logical sequence, that there was no statute of this state under which said bonds could be legally issued after December 9, 1921. At this date no indebtedness had been incurred, no bonds had been issued, no vested rights had accrued.

"Powers derived wholly from a statute are extinguished by its repeal. All acts done under a statute whilst it was in force are good; but if a proceeding was in progress, in fieri, when the statute is repealed, and the powers it confers cease, it fails, for it cannot be pursued. Lewis' Sutherland Stat. Const., vol. 1, § 285."

In Cooley on Taxation it is stated that—

"The repeal of a law under which a municipality was authorized on a favorable vote of its electors, to levy a tax for a public work, will take away the power, even though the vote had been had, if any corporate act remains to be done to render the vote effectual." 3d Ed. p. 569.

[6] The record fails to disclose that the Commissioners of said drainage district had

levied any tax under the authority of said special election. This was a corporate act necessary to render the vote authorizing the incurring of indebtedness and the issuance of bonds effectual. The rights of the drainage district were therefore still inchoate and not perfected by final action, at the date of the filing of the suit in this case, and were lost by the repeal of said act on December 9, 1921.

[7] It would be a vain act upon the part of this court to affirm the judgment of the lower court, as an injunction could issue immediately against any further proceeding by said navigation district, for the reason that, although Act 302 of 1914 was in force on December 5, 1921, at the date of the filing of this suit, it was repealed on December 9, 1921, by Act 68 of the Extra Session of 1921, then in effect, and defendants rely in this case solely upon the provision of Act 302 of 1914, as authority for the legality of the election held in said drainage district.

Such being the legal situation, nothing remains for this court to do but to set aside the judgment of the lower court.

Under this view of the case, it becomes unnecessary for us to pass upon the point urged by plaintiffs' counsel as to the exemption of the town of Mandeville, located in said drainage district, from the levy of this special tax, because of its charter provision prohibiting the police jury of St. Tammany parish from imposing any, except state taxes, on all the taxable property in said town.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiffs, ordering the Honorable Prentiss B. Carter, judge of the Twenty-Sixth judicial district court, to issue a writ of injunction to navigation district No. 1 of St. Tammany parish, La., to J. E. Lemieux, W. M. Beaujeaux, George W. Smith, G. M. Glockner, and F. Edward Vix, residents of St. Tammany parish, and commissioners of said drainage district, restraining said board and its commissioners, collectively and individually, from incurring any indebtedness or issuing any bonds predicated upon the result of the special election held in said navigation district on October 10, 1921, and it is further ordered, adjudged, and decreed that said writ of injunction be, and is hereby, perpetuated.

ST. PAUL, J., concurs in the decree.

O'NIELL, C. J., is of the opinion that the special election and other proceedings purporting to authorize a bond issue and tax levy by a navigation district are null, and should be so decreed because section 14 of article 14 of the Constitution of 1921 did away with the authority of any such subdivision to incur debt, issue bonds, or levy taxes.

The proceedings complained of, purporting to create a navigation district, with authority to incur debt, issue bonds, and levy taxes, were commenced after the new Constitution had gone into effect, and when, therefore, such taxing districts were not authorized. It matters not when section 8 of article 14 of the new Constitution, authorizing police juries to buy lands for navigation canals, took effect, because that section of the new Constitution was not at all in conflict with Act 302 of 1914.

I do not find it to be admitted that section 6 of article 14 is in conflict with Act 302 of 1914. On the contrary, the attorneys for appellants have devoted much of their argument and brief to the proposition that Act 302 of 1914, in so far as it had provided for the incurring of debt, issuing of bonds, and levying of taxes, by navigation districts, was superseded and repealed, not by section 6, but by section 14, of article 14 of the Constitution of 1921. It is certain that section

14 of article 14 of the new Constitution did not need an enabling act to abolish the authority of navigation districts to incur debt, issue bonds, and levy taxes. In so far as that section of the new Constitution did need legislation to give it effect, the legislation that had been enacted pursuant to article 261 of the Constitution of 1898, and of 1913, remained in force.