The judgment appealed from is therefore affirmed.

══════

(99 South. 522)

No. 26465.

In re Ernest POURCIEAU.

(March 24, 1924.)

Appeal from Juvenile Court, Parish of Pointe Coupee; William C. Carruth, Judge.

J. H. Morrison, Dist. Atty., of New Roads, for the State.

F. C. Claiborne, of New Roads, for Ernest Pourcieau and his mother.

By Division A, composed of O'Niell, C. J., and Rogers and Brunot, JJ.

O'NIELL, C. J. This case was submitted without argument or brief for either side. It is an appeal from a judgment committing an abandoned child to the Waldo-Burton Memorial Boys' Home, in New Orleans. We do not find any error in the proceedings.

The judgment is affirmed.

(99 South. 523)

No. 25939.

HINTON et al. v. WINN PARISH SCHOOL BOARD.

(Jan. 21, 1924. Rehearing Denied by Whole Court March 8, 1924.)

(Syllabus by Editorial Staff.)

1. Schools and school districts. ⊚═97(4)— Property owner within school district held "person in interest" entitled to contest legality of bond election.

In a suit to restrain a school board from issuing or selling school district bonds, an owner of any property within such districts is a "person in interest" who may contest the legality of a special election at which the bonds were voted under Act No. 46 of 1921, § 43, whether he be a resident or nonresident and a patron of the schools or not.

2. Schools and school districts ⊚═97(4)—Residents of affected districts held "persons in interest" entitled to contest school bond election.

In a suit to enjoin an issue of bonds by a school board which had created two school districts, alleged to overlap smaller adjacent school districts, persons residing in such affected districts, although not in the newly created districts, are "persons in interest" who may, under Act No. 46 of 1921, § 43, contest the legality of the special election whereby the bonds were authorized.

3. Schools and school districts ⊚═44—Parish school board held not authorized to repeal ordinances creating smaller overlapping districts.

Where a parish school board adopted an ordinance creating a parish-wide school district, and later created two new districts which overlapped some of the smaller districts of the parish, and some of the smaller districts had not finished paying special taxes voted by themselves before the parish-wide ordinance was adopted, the parish board was without authority to repeal the ordinances creating such smaller districts, in view of Act No. 256 of 1910, § 2, Const. 1898, art. 232, Act No. 81 of 1918, Act No. 17 of 1914, and Act No. 120 of 1916.

4. Schools and school districts ⊚═110—Special taxes voted by district constitute fund for exclusive use of such district.

In view of provisions of Act No. 120 of 1916, special taxes voted by a school district

constitute a fund which is dedicated by law exclusively to the use of that particular district, and form no part of the general or current school fund, and the only authority that a school board may exercise over it is to levy and pay it, when collected, to the district voting the tax.

**5. Schools and school districts ⊙⟶24(1)—Ordinance creating overlapping school districts held void.**

An ordinance creating new school districts within a parish school district *held* in violation of Act No. 152 of 1920, § 2, where such newly created districts overlapped existing districts.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge ad hoc.

Suit by L. B. Hinton and others against the Winn Parish School Board for injunction. Judgment for defendant, and plaintiffs appeal. Judgment set aside, and judgment for plaintiffs rendered.

Pearce & Fuller, of Winnfield, and Stubbs, Theus, Grisham & Thompson, of Monroe, for appellants.

A. Leonard Allen, of Winnfield, Martin & Campbell, of New Orleans, and Howell & Wortham, of Napoleonville, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J. On March 3, 1922, at special elections ordered by defendant school board, the qualified electors in the new Sikes and the new Hart school districts, in Winn parish, voted in favor of the proposition to incur debt and to issue 20-year bonds to the amount of $50,000 in the former district, and to incur debt and to issue 10-year bonds in the sum of $7,500 in the latter district, for the purpose of erecting and improving school buildings and acquiring the necessary equipment and furnishing for same.

The present suit is a proceeding by injunction to restrain defendant school board from issuing or selling these bonds, and to have the new Sikes and the new Hart school districts created by defendant school board declared null and void and of no effect.

Defendant school board denies in its answer that plaintiffs are "residents and taxpayers" of the parish of Winn, and "residents and patrons" of Sikes, Hebron, Hart, Willis, Oak Ridge, Consolidated, Urania Camp, or McCarty colored schools, and specially avers that plaintiffs have no interest in the subject-matter nor the outcome of this suit.

The Urania Lumber Company of La Salle parish, the Tremont Lumber Company of Grant parish, and the Louisiana Central Lumber Company of the state of Missouri, together with numerous residents and taxpayers of Winn parish, are parties plaintiff in this proceeding.

Section 43 of Act 46 of 1921, regulating and prescribing the procedure necessary in the issuing of bonds by school districts, etc., declares that "any person in interest" shall have the right to contest the legality of any special election held under the provisions of said act for a period of 60 days from the date of the promulgation of the result of said election.

[1] As defendant school board has levied a 5-mill tax on all of the property within the new Sikes and the new Hart school districts, to pay the principal and interest on said bonds for the year 1922, it is clear that the owner of any property within either of said school districts is a "person in interest," whether he be a resident or a nonresident, a patron, or not a patron, of the Sikes or the Hart schools, if the ordinances of the defendant school board creating said school districts are illegal, as his property is subjected to the payment of an illegal tax, which he, as a property owner, has a legal right to attack and resist.

It is not physically possible for corporations to have children of their own to send to school, nor do corporations reside in every

taxing district where they may own real estate and other property subject to taxation. The "panhandle" to the new Sikes school district is from one to one and a half miles wide and five miles long, and includes lands belonging, almost exclusively, to the Urania Lumber Company, as shown by the testimony of its president.

The evidence also shows that E. M. Thornton, one of the plaintiffs, owns property in section 9, and that the plaintiffs J. L. Dulaney and A. F. Starnes own property in section 5, of the "panhandle."

While section 5 is left out of the description of the new Sikes school district ordinance, as it appears in the record, it is included in the new Sikes school district, as appears from map made by the assessor of Winn parish from descriptions given to him by the superintendent of public schools of said parish. The assessor testifies that this is a true and correct map, and that the taxes for 1922 were figured from this map.

The deputy tax assessor of Winn parish testifies that the plaintiffs J. T. Martin, W. P. Riser, T. D. Taylor, Mrs. F. A. Willis, E. M. Thornton, Ed. Frazier, and D. C. Compton are resident taxpayers and were assessed for the year 1922 in ward 3 of Winn parish, which is in the consolidated school district.

The plaintiff J. A. Johnson testifies that he is a voter and taxpayer of Winn parish and resides in the new Hart school district.

The plaintiff L. B. Hinton testifies that he is personally acquainted with all of the plaintiffs in this case and that they are patrons of either Hebron, Willis, Oak Ridge, Urania Camp, or the McCarty school for colored people.

[2] If the ordinances creating the new Sikes and the new Hart school districts in 1922 overlap and encroach upon these smaller and adjacent school districts, as contended in this case by plaintiffs, and if these

ordinances for this reason are illegal, the plaintiffs, who do not live within either the new Sikes or the new Hart school districts, but reside in these affected districts, unquestionably are "persons in interest," as the effect of such overlapping and encroachment is to diminish the territory of these smaller school districts, contiguous to the new Sikes and the new Hart districts, and thereby decrease the fund arising from the 5-mill parish-wide tax, voted and levied in 1919 in additional aid of all the public schools in Winn parish.

Aside from this phase of the case, the evidence shows that the plaintiff, the Urania Lumber Company, owns, almost entirely, all of the lands in the "panhandle" of the new Sikes school district, and that the plaintiff J. A. Johnson is a voter and taxpayer residing in the new Hart school district.

Plaintiffs have therefore shown that they are "persons in interest" in this case, and have a legal right to prosecute this suit and stand in judgment.

The most serious ground of attack upon the ordinances of defendant school board creating these new school districts is that "the panhandle" of the new Sikes school district overlaps and encroaches upon the territory of the Boles school district, the Consolidated school district and the Urania Camp school, and embraces territory belonging to these districts, and that the new Hart school district overlaps and encroaches upon the McCarty colored school on the south, and the Hebron and Willis school districts on the east, and crowds them into a small area in the northeast corner of Winn parish.

The ordinances of defendant school board creating the new Sikes and the new Hart school districts, as at present constituted, were passed by that body on January 6, 1922. Petitioners contend that said ordinances are null and void, as they create

overlapping school districts in violation of section 2 of Act 152 of 1920.

On April 4, 1919, defendant school board created a school district including the entire territory within the limits of Winn parish. An election was ordered by said board, and a 5-mill tax for a period of 5 years was voted, to be used in giving additional aid to all of the public schools in said parish.

Defendant school board takes the position that this parish-wide ordinance repealed all ordinances creating former school districts, and, if it did not have this effect, then that the new Sikes and the new Hart school district ordinances passed in 1922 had that effect, by virtue of the clause contained in each of said ordinances, repealing "all ordinances or resolutions or parts of ordinances or resolutions in conflict herewith."

Prior to the creation of this parish-wide school district in 1919, there existed in Winn parish a number of smaller school districts covering almost the entire area of this parish.

While it is admitted by plaintiffs that there has been no tax, either for building or maintenance purposes, levied or collected in any of the smaller school districts since 1919, except the parish-wide tax of 5 mills, it is also admitted in the original brief of counsel for defendant school board, and shown by the record in this case, that a number of these old school districts "had taxes that were to have run several years, when the parish-wide tax of 5 mills was voted in the year 1919."

Among these school districts were the Consolidated, the Willis, the Boles, and others.

On July 2, 1918, a special election was ordered in the Consolidated school district to submit the proposition to levy a special tax of 5 mills as additional aid to public schools; said tax to begin in 1918 and to end in 1927.

On May 21, 1918, a special election was ordered in the Willis school district to sub-mit the proposition to levy a special tax of 5 mills for 5 years for additional aid and building purposes; said tax to begin in 1918 and to end in 1922.

On July 2, 1918, a special election was ordered in the Boles school district to levy a special tax of 5 mills for a period of 5 years, beginning in 1918 and ending in 1922, for the purpose of additional aid and building school houses in said district.

On May 2, 1918, defendant school board declared that the special elections for special taxes had been carried in the following school districts: Willis, Holly Springs (2), Argola, Winnfield, Mill Village, Corinth, Cedar Creek, Brister, and Atlanta. The building of schoolhouses in the Brister, Holly Springs, and Hickory Ridge school districts was referred to the building committee of defendant school board.

The parish-wide ordinance creating all territory within the parish of Winn as a school district was adopted April 4, 1919, together with an ordinance ordering a special election in said district on May 15, 1919, submitting to the qualified electors of said district the question of the levy of "a special tax of 5 mills on the dollar of all property in said school district subject to state taxation, for a period of 5 years, the proceeds of the said tax to be used in giving additional aid to the public schools of the said school district."

Said ordinance contains no repealing clause, and does not purport to supersede any ordinance or ordinances creating smaller school districts in said parish, nor to establish said parish-wide 5-mill tax in lieu of the special taxes already voted by the smaller school districts. On the contrary, it is expressly declared in said ordinance that the parish-wide tax of 5 mills shall be used "in giving additional aid" to the public schools of said parish-wide district. This parish-wide tax was merely a general special tax in addition to the special local taxes already levied

against the smaller school districts in the parish of Winn, in aid of the public schools in said districts.

The right of a parish school board to create a parish, as a whole, a school district, and to create smaller school districts, within its limits, is recognized both by Act 17 of 1914, and Act 81 of 1918.

A parish-wide school district and the smaller school districts within its limits are separate and distinct political subdivisions of the state, and may therefore exist at the same time, and independently of each other, for purposes of special taxation in giving additional aid to public schools.

The Winn parish school board, although the governing authority, is not the source of the taxing power as far as the taxpayers within the various school districts of said parish are concerned. Their right to vote for special taxes in aid of public schools at that date, the year 1919, was derived from article 232 of the Constitution of 1898, and was not limited to the 10-mill parish, municipal, or public board tax for all purposes in any one year.

In addition to this special maintenance tax for public schools, their constitutional right to vote a bond issue at a special election for the construction and equipment of school buildings, not to exceed the limit of 10 mills, still remained intact in these smaller school districts. Board of Directors v. Ruston Bank, 133 La. 109, 62 South. 492; Const. 1898, art. 281, as amended by Act 197 of 1910.

Section 2 of Act 256 of 1910 does not leave to the mere discretion of a parish school board the question whether or not a school district shall increase its special taxes in aid of its public schools, but declares in mandatory language:

"That such governing authority shall be required to call an election for either of the purposes above mentioned [under article 232 or 281, Const. 1898] when requested to do so by the petition in writing of one-fourth of the

property taxpayers eligible to vote in said election."

[3] As these smaller school districts had not finished paying the special taxes voted by themselves, when the parish-wide school district ordinance was adopted in 1919, said board was without any legal authority to repeal the ordinances creating these districts, even had it attempted to do so in express terms. Some of these smaller school districts had voted special taxes for building purposes, and neither could this special tax fund be legally destroyed, nor the obligation of building contracts based upon same impaired, by the repeal of the ordinances creating these smaller districts. The promulgation by defendant board of the result of these special elections was final, and no corporate act was left to be done. Smith v. Police Jury, 153 La. 968, 96 South. 824; Cooley on Taxation (3d Ed.) p. 569.

The next question to be considered is whether these smaller school districts were abolished by the repealing clauses in the ordinances of defendant board creating the new Sikes and the new Hart school districts. These ordinances are of date January 6, 1922. At this date neither the Willis school district, nor the Boles school district, nor other smaller districts, had finished paying the 5-mill special taxes voted for by them in 1918, and levied against them for 5 years by defendant school board.

A parish school board is a body corporate, with power to sue and be sued. Its powers are limited, and its duties are defined by law. One of these duties is:

To "exercise proper vigilance in securing for the schools of the parish all funds destined for the support of the schools, including the state funds apportioned thereto, the poll tax collectable, and all other funds." Act 120 of 1916, §§ 6 and 7.

"Parish school boards shall use the general or current school funds, such as the state current school funds, poll taxes, fines, police jury appropriations, land rents, proceeds from sale

of timber, in short, all school funds except those voted or appropriated for special purposes." Act 120 of 1916, § 9.

"Communities desiring better facilities and longer sessions than can be provided by a distribution of the general funds giving equal sessions to all schools shall secure same by voting special taxes or obtaining additional funds from other sources than the current or general school funds." Act 120 of 1916, § 9.

[4] It is clear from these provisions that special taxes voted by a school district constitute a fund which is dedicated by law exclusively to the use of that particular district. Such special fund forms no part of the general or current school funds, and the only authority that a school board can exercise over such fund is to levy and pay it, when collected, to the school district voting the tax. Such duty of a parish school board is necessarily a denial of its authority to abolish a school district which has voted a special tax, even in the absence of a building contract, in aid of its schools, before the period for which the tax was levied has expired. Nor can any claim to the exercise of such authority find support in the fact that section 1 of Act 152 of 1920 provides that—

"Nothing in this act shall be construed as affecting in any way * * * the present or future authority of parish school boards to create districts for administrative purposes exclusively."

Neither the new Sikes nor the new Hart ordinances pretends "to create" districts for "administrative purposes." We find in neither of these ordinances a single word on this subject. Nor do we discover in either of them the slightest intimation that the repealing clauses refer to the numerous ordinances creating the various smaller school districts in Winn parish. The repealing clauses in said ordinances, however, are significant in their reference to the repeal of "all ordinances or resolutions, or parts of ordinances or resolutions in conflict herewith."

The new Sikes and the new Hart ordinances were passed January 7, 1922.

On January 2, 1920, as shown by the minutes of defendant board, a resolution was adopted by said board creating the old Hart school district, and ordering a special election to be held February 5, 1920, to vote a building tax of 5 mills on the dollar for 5 years. Commissioners, a clerk, and a deputy were appointed.

On January 3, 1920, and at the same meeting of defendant board, a resolution was passed by said board creating the old Sikes school district, and ordering a special election to be held on February 5, 1920, to vote a building tax of 5 mills for 10 years. Commissioners, a clerk, and a deputy were appointed.

The territory included in the old Sikes school district as fixed by resolution on January 3, 1920, was changed at the meeting of said board on May 6, 1921, and an ordinance creating the old Sikes school district was passed and its limits were defined anew. By resolution, Sikes was put on the list of high schools.

As the territory of the new Sikes and the new Hart school districts differed materially from that of the old Sikes and the old Hart school districts, and as Sikes had been placed on the list of high schools without the sanction of the state board of education, as required by section 9 of Act 120 of 1916, it became necessary to repeal these resolutions and the ordinance creating the old Sikes school district, as they were in conflict with the territory of the new districts, and as the resolution as to placing Sikes on the high school list was contrary to law.

It is therefore apparent that the repealing clauses in the new Sikes and the new Hart ordinances referred exclusively to these resolutions and to the old Sikes ordinance mentioned above, and not to ordinances creating the smaller school districts in Winn

parish. The ordinances establishing these smaller districts were therefore not repealed.

It is true that section 1 of Act 152 of 1920 recognizes the authority of school boards "to create" districts for "administrative purposes entirely." While section 1 of said act confers authority upon parish school boards, in connection with the powers of special taxation for school purposes, to create school districts "composed of a parish, as a whole, of any ward, or any two or more wards, or parts thereof, or of any other part or parts of the parish," yet section 2 of said act expressly provides "that no school district shall be created under the authority of this act, embracing the whole or any part of the territory of another district, nor shall any school subdistrict be created, except that a parish as a whole may be created a school district wherein there exist smaller school districts, or smaller school districts may be created embracing parts of a parish constituting a school district." In other words, neither a parish-wide school district, nor the smaller school districts into which it may be divided under section 1 of said act, are considered as overlapping districts. It is therefore clear that the prohibition against overlapping, denounced in section 2 of said act, is directed only against a smaller school district "embracing the whole or any part of the territory of another" smaller school district. The power to create "administrative districts" is recognized in section 1 of said act, in connection with the formation of districts as therein provided, and not as an exception in section 2 of said act, prohibiting overlapping districts. This power "to create" administrative districts conferred by said act must be exercised by ordinance passed for this specific purpose, and clearly designating its intent. Such authority cannot be exercised by a parish school board by passing an ordinance creating overlapping districts in violation of a prohibitory law,

and by repealing in said "ordinance other ordinances, not designated by name, and without any statement as to the purpose of the repeal."

It is admitted in the supplemental brief of counsel for defendant board that the new Sikes school district overlaps and encroaches upon the Consolidated school district to the extent of sections 9, 10, 11, and part of 8, and south half of sections 2, 3, and 4, township 12 north, range 1 east. It is admitted also in said brief that the new Sikes school district overlaps and encroaches upon territory formerly in the Kelly, Hickory Valley, Crain, Fellowship, and Mineral Springs school districts. Comparing the new Hart school district ordinance, found at page 18 of the transcript, with the map of the various smaller school districts in Winn parish, appearing at page 49, it is shown that the new Hart school district overlaps and encroaches upon all of sections 1, 2, 3, 10, 11, 12, 13, 14, 15, and 24 in the Hickory Ridge school district in township 13, range 1 west, and also upon sections 4, 5, 6, 7, 8, 9, 10, a part of 12, west half of 16, 17, and 18 in the Oak Ridge school district in township 13, range 1 east, and also upon sections 19, 20, 30, 31, and 32 in the old Hart school district.

The old Sikes and the old Hart school districts were created under Act 81 of 1918 on January 2 and 3, 1920, and before the passage of Act 152 of 1920, approved July 7, 1920. Under Act 81 of 1918 it was permissible for parish school boards at any time to create a school district composed of a part or parts of one or more existing school districts, and to establish even subdistricts, i. e., a district within a district.

However, on May 6, 1921, when the old Sikes school district was re-established with new limits, and on January 6, 1922, when the new Sikes and the new Hart school districts were created, Act 152 of 1920 was in effect. By section 4 of said act, Act 81 of

1918 and Act 17 of 1914 were expressly repealed, and "all laws or parts of laws in conflict with any of the provisions of this act," were also repealed.

Section 2 of Act 152 of 1920 expressly prohibited the creation of overlapping school districts and school subdistricts in the following words:

"That no school district shall be created under the authority of this act, embracing the whole or any part of the territory of another district, nor shall any school subdistrict be created, except that a parish as a whole may be created a school district wherein there exist smaller school districts or parts of smaller school districts, or smaller school districts may be created embracing parts of a parish constituting a school district."

It is clear that the intention of this act was not to destroy any school district, which was neither an overlapping nor a subdistrict, by the repeal of Act 81 of 1918 and Act 17 of 1914. In fact, it was the plain purpose of Act 152 of 1920 to preserve even former overlapping districts and subdistricts created under laws existing at the date of its passage and in conflict with its provisions in this respect, if such districts had been created, in connection with the powers of special taxation for school purposes as shown by the proviso contained in section 1 of said act, "provided that nothing in this act shall be construed as affecting in any way the present existence of any school district or school districts created under existing laws, in connection with the powers of special taxation for school purposes."

Articles 232 and 281 of the Constitution of 1898, the present Constitution, and all legislative acts on the subject clearly recognize the existence of two powers of special taxation for school purposes: (1) Voting a special tax at a special election in additional aid of the maintenance of public schools. (2) Voting bonds at a special election for the building and equipping of public schoolhouses.

It is therefore evident that even overlapping or subdistricts, although created in violation of Act 152 of 1920, remained unaffected by said act, if they had been created prior to Act 152 of 1920, and had been used as school districts for either of the purposes of special taxation.

Neither is the Consolidated, the Willis, the Hebron, nor any other district, which has been encroached upon by the new Sikes and the new Hart districts, an overlapping district. Nor was their existence at the date of the passage of Act 152 of 1920 in conflict with the provisions of section 1 of said act to the effect "that a parish school board of a parish shall have, in connection with the powers of special taxation for school purposes, the authority to create at any time school districts composed of the parish, as a whole, of any ward, or any two or more wards, or parts thereof, or of any other part or parts of the parish," provided, however, as declared in section 2 of said act, no overlapping or subdistricts shall be created.

[5] The districts encroached upon and overlapped by the new Sikes and the new Hart districts were not affected, therefore, by said act, but the ordinances of 1922, creating these new districts, are clearly in violation of section 2 of Act 152 of 1920, a prohibitory law, and are null and void, as they create overlapping districts. The repealing clause, therefore, in each of said ordinances, of all conflicting ordinances or resolutions, and of all part or parts of conflicting ordinances or resolutions, is of no effect, regardless of the ordinances to which they may refer. R. C. C. art. 12.

The judgment of the lower court dissolving the injunction in this case and rejecting the demands of plaintiffs is therefore erroneous. Under this view of the case, it does not become necessary for us to consider the question whether the defendant school board abused its discretion otherwise in the creation of these new school districts as to shape, size, etc., or to discuss the issue as to wheth-

er said board took snap judgment against petitioners, by ordering the special elections in this case only 27 days after the new registration law went into effect January 1, 1922.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and set aside, and it is now ordered that there be judgment in favor of plaintiffs, declaring null and void the ordinances adopted January 7, 1922, by the Winn parish school board creating the Sikes school district and the Hart school district, and ordering special elections to be held in said school districts on March 3, 1922, to vote upon the question of a bond issue in the sum of $50,000, to run for 20 years in the former district, and to vote upon the question of a bond issue in the sum of $7,500, to run for 10 years in the latter district, for the building and equipment of public schoolhouses in said districts. It is further ordered, adjudged, and decreed that the special elections so held in said school districts, together with the promulgation of the result of each of said special elections, and the resolutions of said school board levying special taxes of 8 mills for the payment of said bonds, be, and the same are hereby, annulled and set aside.

It is further ordered, adjudged, and decreed that the writ of injunction issued herein be maintained, and that the defendant, the Winn parish school board, its president, J. R. Sikes, and its members, collectively and individually, be, and they are hereby, perpetually restrained and enjoined from issuing or selling the bonds, or any part thereof, which have been voted at said special elections in the Sikes and in the Hart school districts, or either of them; defendant school board to pay all costs of this suit.

Rehearing refused by the WHOLE COURT.

O'NIELL, C. J., and BRUNOT, J., dissent from refusal to grant rehearing.