LAND, J.
 

 In State ex rel. Abney et al. v. Police Jury of St. Tammany Parish, 105 So. 97,
 
 [1]
 
 relators sought to compel the police jury of St. Tammany parish, as the governing authority of road district No. 4 in said parish, to sell bonds in the sum of $150,000, voted at a special election held in said road district on July 1, 1924, and to use the funds thus realized in the building of certain designated roads.
 

 The police jury of St. Tammany parish refused to comply with the request of the relators in the Abney Case, on the ground that road district No. 4 overlaps certain territory which also constitutes a component part of road district No. 3, previously created by the police jury of said parish, apd for the reason that the aggregate bonded indebtedness of the overlapping territory would* exceed 10 per centum of the assessed valuation of all the taxable property in said overlapping territory, in the event the police jury should sell the authorized bond issue of $150,000.
 

 It was contended by the relators in the Abney Case in the briefs filed that, although the bond issue of $150,000 voted -in road district No. 4 exceeded the constitutional limit of the overlapping territory by the sum of $3,658.60, yet the police jury of St. Tammany parish should be mandamused, at all events, to sell the bonds, at least, to the extent of $146,841.40.
 

 As there was no prayer for such alternative relief in the Abney Case, we declined to pass upon that issue, which is presented by the relators Henry Cassagne et al. in the present proceeding.
 

 In the case now before us, the police jury of St. Tammany in its answer alleges, as a reason why it should not offer said bonds for the sale, “the fact that the aggregate bonded indebtedness of the overlapping area embraced in both road district No. 3 and road district No. 4, as outlined in plaintiffs’ petition, would exceed 10 per centum of its assessed valuation, when its proportion of said $150,000 bond issue, voted in road district No. 4, and of said $200,000 bond issue, previously voted by road district No. 3, was taken into consideration.”
 

 We are of the opinion that the defense made by the police jury in this case is well founded.
 

 In the year 1923 there were two outstanding bond issues by the parish of St. Tammany, viz. one for $180,000, and the other for $750,000.
 

 
 *233
 
 These bond issues, however, are not predicated upon debts incurred and bonds authorized at special elections by vote of the property owners in any road district in said parish ; but are bond issues only in the sense that parish-wide taxes were voted for road and bridge purposes in the years 1914 and 1919, and those taxes were subsequently funded into bonds by the parish.
 

 However, in the year 1923 the police jury of St. Tammany parish created road district No. $, embracing the entire tenth ward of said parish, and on May 20, 1924, the police jury established road district No. 4, embracing 21 sections of the tenth ward, included in road district No. 3.
 

 The total bonded indebtedness of road district No. 3 is $199,000 and of road district No. 4 is the present $150,000 bond issue, which is now in contest. The assessed valuation of the 21 sections, the overlapping territory which forms part of road district No. 3 and road district No. 4, was $518,654 for the year 1923.
 

 The special election at which the $150,000 bond issue was authorized was held in road district No. 4 on July 1, 1924.
 

 It is clear, therefore, that the overlapping territory could issue bonds in 1924 only to the extent of 10 per cent, of $518,654, its assessed valuation in 1923; i. e., up to the constitutional limit of $51,865.40. Const. 1921, art. 14, § 14(f).
 

 It is apparent that, npt only the $199,000 bond issue of road district No. 3, but that the present $150,000 bond issue of road district No. 4, far exceeds the constitutional limit of $51,S65.40, to which the overlapping territory is restricted as to its bond issue.
 

 It is unimportant that the assessment in these road districts outside of the overlapping territory may warrant the issue of bonds in a sum in excess of $51,865.40, as the Constitution of this state requires that “all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax.”
 

 • If road district No. 3 and No. 4 should each levy a 2-mill tax as the basis of a bond issue in their respective districts, the property owners in the overlapping territory in each of these districts would be subjected to the payment of a 4-mill tax, while the property owners residing outside of the overlapping territory would be compelled to pay only their respective tax of 2 mills.
 

 It is equally clear that any tax imposed by either of these road districts, unless the bond issue be restricted to the constitutional limit of the overlapping district, would be lacking in the fundamental essential of uniformity.
 

 In Hinton v. Winn Parish School Board, 155 La. 666,
 
 [2]
 
 the school board created within a parish school district, new districts, overlapping existing districts. We held the. ordinance creating the overlapping districts to be in violation of Act No. 152 of 1920, § 2, which provides:
 

 “That no school district shall be created under the authority of this act, embracing the whole or any part of the territory of another district, nor shall any school subdistrict be created, except that a parish as a whole may be created a school district wherein there exist smaller school districts or parts of smaller school districts, or smaller school districts may be created embracing parts of a parish constituting a school district.”
 

 It is stated in the opinion in the Hinton case that—
 

 “The right of a parish school board to create a parish, as a whole, a school district, and to create smaller school districts, within its limits, is recognized both by Act 17 of 1914, and Act SI of 1918.
 

 “A parish-wide school district and the smaller school districts within its limits are separate and distinct political subdivisions of the state, and may therefore exist at the same time, and independently of each other, for purposes of special taxation in giving additional aid to public schools.”
 

 
 *235
 
 In La. & A. Ry. Co. et al. v. School Board, 157 La. 1046,
 
 [3]
 
 it is said by this court, in construing section 10 of article 10 of the Constitution of 1921:
 

 “To the contrary, the section contemplates that each political subdivision authorized to levy the tax provided by it shall be treated as a distinct entity throughout, and that the limitations imposed shall apply to each subdivision as a distinct entity, and hence that each subdivision shall remain unaffected in its right by the taxes imposed under the section by other political subdivisions in the same territory. See Hinton v. Winn Parish School Board, 155 La. 666 [99 So. 523].”
 

 Able counsel for relators has cited the above decisions as authority for his contention in this case that the overlapping territory as to its bond issue must be treated as
 
 &•
 
 political subdivision and distinct entity. Upon this premise relators’ attorney bases his argument that the overlapping territory could issue bonds to the amount of $19,234, as its proportion of the $200,000 bond issue in road district No. 3, and bonds to the amount of $32,631.40, as its proportion of- the $150,000 bond issue in road district No. 4.
 

 Counsel for .relators arrives at this conclusion by comparing the_ entire assessments of road districts Nos. 3 and 4 to the assessment of the overlapping territory, and the amount of the bonds issued in each district to the unknown quantity; i. e., the proportion of the bond issue of the overlapping territory to be ascertained.
 

 The .error into which relators have fallen results from the fallacy of their premise, in assuming that the overlapping territory has been created by the police jury of St. Tammany parish into a subroad district, with the full power of incurring debt and issuing bonds therefor, as provided in Act 118 of 1921.
 

 There is neither allegation nor proof in the record to sustain such contention.
 

 As shown by the record, the police jury of St. Tammany parish has created “road district No. 3” and “road district No. 4” in said parish; each of said districts including the overlapping territory.
 

 ■ Geographically, or as far as boundaries are concerned, it is true that the overlapping territory forms a part of each of these road districts, but, politically, it is not a distinct sub-road district.
 

 It is clear, therefore, that no separate election can be held, and no special tax can be voted or levied independently’ in this overlapping territory.
 

 The difficulty in the case arises solely from the inclusion
 
 of
 
 this territory within the limits of two separate and distinct road districts, and from the attempt to place this territory between the upper and nether millstones of taxation without uniformity by both of these road districts.
 

 In the Hinton Case the school board of Winn parish was enjoined from selling the bonds authorized by the new overlapping school districts. This resulted from the fact that the ordinance creating the new districts was passed in violation of section 2 of Act 152 of 1920, prohibiting the creation of overlapping school districts. There is no’ express statutory inhibition against the creation of overlapping road districts, of which we are aware; yet, necessarily, in such cases bond issues must be restricted to the constitutional limit of the overlapping territory, in order to maintain uniformity of taxation in the road district levying the tax. Const. 1921, § 1, art. 10.
 

 The judgment of the lower court ordered the police jury
 
 of St.
 
 Tammany parish to sell the bonds in contest to the extent of $146,341.40. In our opinion this judgment is erroneous.
 

 It is therefore ordered that the judgment appealed from be set aside and reversed, and it is now ordered that relators’ demand be
 
 *237
 
 rejected, and that relators’ suit be dismissed at tbeir cost.
 

 O’NIELL, C. J., and ST. PAUL, J., concur in the decree.
 

 [1]
 

 159 La. 53.
 

 [2]
 

 99 So. 523.
 

 [3]
 

 103 So. 318.