(126 So. 207)

No. 30073.

**WOODARD et al. v. BIENVILLE PARISH SCHOOL BOARD.**

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

J. Rush Wimberly, of Arcadia, for appellants.

W. D. Goff, Dist. Atty., of Arcadia, for appellee.

THOMPSON, J. The Bienville parish school board, on May 5, 1909, created school district No. 5 out of territory within ranges 15 and 16 of said parish, and an election was held which authorized a bond issue of $50,000, the last of which bonds are to mature in February, 1940. A tax of 5 mills on the dollar was authorized to be levied and collected on the property within the district.

On January 1st of the present year, district No. 5 was enlarged so as to take in territory of other school districts; the added territory being more than double that of the original district. An election was held within the district as enlarged, and by a substantial majority in number of qualified electors and in amount of assessed property a bond issue of $100,000, to mature in 20 years was authorized. A tax of 5 mills was also authorized to meet the said bond issue.

The petitioners, some forty in number, qualified electors and property owners residing within the district as enlarged, bring this suit

to annul the ordinance enlarging the district and all proceedings had thereunder and pursuant thereto.

They do not attack the regularity of the proceedings, but allege that the entire proceedings are null and void because the ordinance creating the district was passed on a legal holiday.

It is further alleged, in the alternative:

That the said ordinance is null and void for the reason that the school board was without authority to abolish the district as originally created because said district had voted a bond issue, a large portion of which was outstanding and unmatured.

That said ordinance is also null and void because it overlaps and takes in the original district in violation of the Constitution and laws of the state.

That petitioners who reside in the territory of the original district will be subject to be taxed to pay the bond issue of that district as well as the bond issue of the district as enlarged, which is in violation of the Constitution, which declares that taxation shall be equal and uniform.

An exception of no cause and no right of action was sustained by the court, and plaintiffs' suit dismissed.

█ █ 1. At nearly every biennial session of the Legislature an act is passed designating certain days as days of public rest and legal holidays. The last act on the subject was enacted in 1928, being Act 49 of that year. This act, as well as all of the others on the subject, provides that the 1st day of January, as well as other days named, shall be considered as days of public rest and legal holidays.

It is to be observed that there is nothing in this act which forbids, either expressly or by reasonable implication, the meeting and transaction of any and all business on a legal holiday by any public board, commission, municipality, or legal subdivision of the state. The only prohibitive provision of the statute relates to and deals with commercial paper.

It appears that the rule applied in the interpretation of a holiday statute is that, whatever the statute expressly declares shall not be done on such days is unlawful, but whatever the statute fails to prohibit remains lawful to be done on such day.

In Corpus Juris, vol. 29, p. 762, it is said that a legal holiday other than Sunday has effect as a holiday only as to those acts and transactions which are designated in the statute establishing the day. Accordingly it is held that, with the exception of matters concerning which the statute provides that the day shall be treated as Sunday, any act done on that day is as effective as if done on any other day.

In Thompson v. Landeck, 15 Pa. Dist. R. 367, noted in Corpus Juris, it was said that:

"When the statute declares (certain days) to be legal holidays it does not permit a reference to the legal status of Sunday to discover its meaning; for it proceeds to interpret the phrase, so far as it is prohibitory, by an express enactment declaring what shall not be done thereon. What it thus expresses is prohibited; what it fails to prohibit remains lawful to be done." See, also, cases cited in note to City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777, Ann. Cas. 1916E, p. 845.

An exact parallel case to the one under consideration is Griffith v. City of Vicksburg, 102 Miss. 1, 58 So. 781.

In that case the mayor and board of aldermen of the city of Vicksburg, on January 1, 1912, by an ordinance authorized the issuance

of bonds of the city to the amount of $40,000 to construct a waterworks plant, and submitted the proposition to the voters.

The election was carried, and an injunction was sought to prohibit the issuance of the bonds. The Supreme Court of Mississippi, in passing on the case, said:

"One of appellant's contentions is that, since by section 4011 of the Code of 1906 the 1st day of January is declared to be a legal holiday, the ordinance providing for the issuance of the bonds is void. The mere fact that the Legislature has declared a day other than Sunday to be a legal holiday does not make such day dies non. All acts done on such a day are lawful and valid, except such as are prohibited by the statute setting apart the day as a holiday," citing 24 Cyc. 440, 27 Am. & Eng. Ency. Law (2d Ed.) 415.

In legal contemplation there can be no difference between a school board and a municipality with respect to what may or may not be done on a legal holiday. They are alike creatures of the Legislature, and function by authority of their creator.

Under the authorities cited, the first contention of appellant must fail.

█ 2. To support this contention, appellants rely on section 2 of Act 152 of 1920 and Hinton v. Winn Parish School Board, 155 La. 677, 99 So. 523.

Section 2 of Act 152 of 1920 is very confusing, and, when considered as a whole, it is difficult to determine the real intent of the Legislature.

The section first declares that no school district shall be created embracing the whole or any part of the territory of another district, nor shall any school subdistrict be created, except that a parish as a whole may be created a school district wherein there exist smaller school districts or parts of smaller school districts. The section then concludes by saying that smaller school districts may be created embracing parts of a parish constituting a school district.

The language last referred to would seem to apply to the situation presented here. School district No. 5, as enlarged, embraces less than the whole of the territory of the parish, and it embraces the territory already constituting a school district.

In the Hinton Case, supra, we construed the language to mean that the school board could not create new school districts within a parish school district where such newly created districts overlapped existing districts, in view of Act 152 of 1920.

We would adhere to that interpretation of the statute of 1920 were the statute still in force.

The Legislature, however, in 1922 (Act 33) specially authorized and empowered school boards upon their own initiative to merge or consolidate two or more school districts into one, and that is just what the school board of Bienville parish did in this instance. The act just referred to repealed all laws or parts of laws in conflict therewith.

It follows that plaintiffs' second ground of attack must also fall.

█ 3. The complaint that the tax levied or to be levied in the district as enlarged will not be equal and uniform because the people residing in the original district will be required to pay more taxes than those residing in the added territory is equally untenable.

The petition does not inform us whether or not there were any taxes levied to meet a bond issue in the territory merged into the original district No. 5.

It is stated, however, in brief, that the added territory embraced several school districts. We may assume, therefore, that the people

residing in such added territory were themselves already subject to a school tax.

There is no complaint that the tax provided for the enlarged district added to that of the original district exceeds the constitutional limitation.

It is very obvious we think that there is not that lack of equality and uniformity as contemplated by the Constitution.

It may be true that the people who reside in the original school district will be required to pay more taxes for school purposes than their neighbors who live within the added territory. This amounts to an increase of the taxes exacted from those who reside in the old district, but does not make the tax unequal within the meaning of the Constitution.

The tax in the old district is equal and uniform throughout that district, and so likewise is the tax equal and uniform throughout the district as enlarged.

The authority to create the larger district necessarily included the authority to levy an additional tax throughout the larger district, provided, of course, the latter tax added to the first does not exceed the limit fixed in the Constitution, which is not the case.

The enlarged district is a separate and distinct legal entity from the several school districts as they existed before being merged into one.

In the case of Louisiana & A. Ry. Co. et al. v. School Board of Webster Parish et al., 157 La. 1046, 103 So. 318, the court held that any political subdivision may levy taxes up to the limitations imposed without regard to taxes levied in other subdivisions within same territory; each being distinct entity for such purpose.

The school board having the authority to consolidate the school districts, the tax levied being within the constitutional limit, it follows that the petitioners have no legal cause or right to complain.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents on the grounds No. 2 and No. 3.