140 So. 502

## DELTA LAND & TIMBER CO. v. BEAUREGARD PARISH SCHOOL BOARD.

### No. 31334.

### Feb. 29, 1932.

Thompson & Ferguson, of Leesville, and Frank E. Powell, of De Ridder, for appellant.

John J. Robira, Dist. Atty., and Sam H. Jones, Asst. Dist. Atty., both of Lake Charles, for appellee.

OVERTON, J.

The trial judge, in sustaining an exception of no cause of action herein, has thus stated the issues involved:

"The issue in this case is the interpretation of section 10 of article 10 of the Constitution of 1921, relating to special taxes for school purposes.

"The specific complaint of the plaintiff taxpayer is that, by means of special taxes voted and levied in over-lapping districts, its property is sought to be subjected to taxes for school purposes greater than the limit fixed by the Constitutional provision. It is contended that the limit of eight mills on the dollar for any year upon any property means not only that one taxing district shall not exceed this millage, but that the total

aggregate voted and levied by two or more taxing districts having jurisdiction over the same property shall not exceed the same limitation.

"An exception of no cause of action has been filed, based on the theory that the Constitutional limitation applies only to the total tax which may be voted and levied by each separate taxing district, and that, therefore, the total Constitutional tax which may affect any one parcel of property is limited only by eight mills, multiplied by the number of taxing districts having jurisdiction over it.

"The Constitutional provisions in question were interpreted by the Supreme Court in La. & Ark. Ry. Co. v. School Board of Webster Parish, 157 La. 1046, 103 So. 318. In that case the majority of the Court held, as stated in the syllabus, that:

"Under Const. art. 10, § 10, authorizing any parish, school district, or sub-school district to levy, for support of public schools, taxes not to exceed 8 mills on the dollar, parish, school district, or sub-district, may levy tax up to limit so fixed without regard to taxes levied by the other."

Upon due consideration, we see no reason to change the opinion which we reached in the case mentioned by the district judge, and we adhere to it. See, also, Woodard v. Bienville Parish School Board, 169 La. 831, 126 So. 207.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed.

ST. PAUL, J., concurs in the decree.